[No. 12085.   Department Two.   January 4, 1915.]

NORDEEN IRON WORKS, *Respondent*, v. B. J. RUCKER *et al.*,
*Appellants.*[1]

WORK AND LABOR—QUANTUM MERUIT—EFFECT OF EXCESSIVE PRICE
—ACTIONS—ISSUES—INSTRUCTIONS.   In an action to recover the rea-
sonable value of machinery ordered and accepted by the defend-
ants, upon issues as to whether the goods were ordered from plain-
tiff by defendants and accepted by defendants, and their reason-
able value, it is error to instruct the jury that, if they find that
the machinery was ordered by defendants, and manufactured and
delivered by plaintiff to defendants, they must find for the plain-
tiff, unless the jury further found that plaintiff charged for the
same in excess of the reasonable value thereof; because, if the
machinery was ordered, delivered to, and accepted by defendants,
they would be liable for the reasonable value thereof, regardless of
the price asked.

SAME—QUANTUM MERUIT—ISSUES AND PROOF—INSTRUCTIONS.   In
an action to recover the reasonable value of machinery delivered to,
and accepted by the defendants, upon issues as to whether the goods
were ordered from plaintiff by defendants, and accepted by defend-
ants, and their reasonable value, it is error to instruct the jury that
if they find defendants could have purchased the machinery on the
open market for considerably less than the amount claimed by plain-
tiff, they could take that fact into consideration in determining
whether or not there was a contract entered into between the plain-
tiff and defendants; since there was no contract in issue and no
price had been agreed upon, making the instruction confusing and
misleading.

APPEAL—REVIEW—PREJUDICE—PRESUMPTIONS.   Prejudice will be
presumed from erroneous instructions on material questions, unless
it clearly appears from the whole case that there was no prejudice.

APPEAL—REVIEW—DISCRETION—NEW TRIAL.   The discretion of the
trial court in granting a new trial will not be disturbed on appeal,
unless there was a clear abuse of discretion, or the record discloses
that the order was made because of a misconception of the law.

Appeal from an order of the superior court for Snohomish
county, Alston, J., entered January 12, 1914, granting a new
trial on account of erroneous instructions, after the verdict of
a jury in favor of the defendants.   Affirmed.

[1]Reported in 145 Pac. 219.

*Coleman, Fogarty & Anderson* and *W. P. Bell*, for appellants.

*Jesse H. Davis*, for respondent.

Mount, J.—This appeal is from an order granting a motion for a new trial. The plaintiff brought the action to recover the reasonable value of certain articles of mill machinery, alleged to have been ordered by the defendants from the plaintiff and thereafter manufactured by the plaintiff and delivered to and accepted by the defendants. The answer was a general denial. The case was tried to the court with a jury. A verdict was returned in favor of the defendants. The plaintiff then filed a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict; errors in law occurring at the trial; and erroneous instructions given by the court. The trial court granted this motion upon the latter ground. The defendants have appealed from that order.

Upon the trial of the case, there were three well defined issues as follows: (1) Were the goods ordered from the plaintiff by the defendants? (2) Were the goods accepted by the defendants? (3) The reasonable value of the goods. These questions were all disputed in the evidence.

The court gave the following instruction to the jury:

"You are instructed that if you find by a preponderance of the evidence that S. J. Pritchard was, on or about the 22d day of May, 1913, authorized to purchase for and on behalf of defendants the machinery mentioned in plaintiff's complaint herein, and that he did, on or about said date order from plaintiff, for and on behalf of defendants said machinery, and that pursuant to said order the plaintiff manufactured said machinery and delivered the same to said defendants, you must find for the plaintiff, unless you further find that the plaintiff charged for the same a price in excess of the reasonable value of said machinery, as hereinafter instructed."

The court also instructed the jury as follows:

"The court instructs the jury that if you find by a preponderance of the evidence in this case that the machinery

and supplies mentioned in the plaintiff's complaint in this action could have been purchased by said defendants in the open market for a sum considerably less than the amount claimed to be due by the plaintiff for such machinery at the time it is alleged the order was given therefor, then you are further instructed that you may take this fact into consideration in determining whether or not there was a contract entered into between the plaintiff and defendants as alleged in plaintiff's complaint herein."

The trial court was of the opinion that these instructions were wrong; and of this conclusion we have no doubt. For he said to the jury that, if the machinery was ordered by the defendants and delivered to the defendants, that the plaintiff was entitled to recover unless the jury found "that the plaintiff charged for the same a price in excess of the reasonable value of said machinery, as hereinafter instructed." There was no instruction thereafter which modified that instruction. It is too plain for argument that this instruction was erroneous. Because if the machinery was ordered by the defendants and delivered to and accepted by the defendants, the plaintiff was entitled to recover the reasonable value thereof, no matter what the plaintiff charged. It was not claimed at any stage of the cause that there was any contract as to the price of the machinery. The plaintiff therefore, if entitled to recover at all, was entitled to recover the reasonable price. While this instruction tells the jury that if they should find that the price charged was in excess of the reasonable value, the plaintiff was not entitled to recover. This instruction was therefore clearly erroneous.

The other instruction was erroneous because it told the jury that if they should find that the machinery and supplies could have been purchased by the defendants in the open market for a sum considerably less than the amount claimed, then the jury might take this fact into consideration in determining whether or not there was a contract entered into between the plaintiff and the defendants, as alleged in the

complaint. This instruction is erroneous because there was no issue in the case as to any contract price. It was conceded that no price was agreed upon or mentioned at the time the machinery was ordered, if it was ordered at all. This instruction was misleading and confusing to the jury, and should not have been given.

It is argued by the appellants that conceding these instructions to be erroneous, the trial court should have denied the motion, because the judge was of the opinion that no other verdict could have been rendered in the case. A number of cases from this court are cited to the effect that where the verdict is in accordance with the evidence and in consonance with justice, the verdict will be sustained, even though erroneous instructions are given by the court. This rule would apply to a case where the court refused to grant a new trial for that reason. But in this case, while the trial court may have been of the opinion that the verdict was just, yet he refused to place his judgment upon that ground. He granted the motion because of these erroneous instructions. The trial court was of the opinion that the instructions were erroneous. He was also of the opinion that the instructions were misleading to the jury, and, in view of the fact that the principal questions in the case were disputed questions of fact, concluded that the jury must have been guided by these instructions, and returned a verdict because thereof.

Where erroneous instructions are given upon material questions, prejudice will be presumed unless it clearly appears from the whole case that there was no prejudice. It does not so appear in this case. There was some discretion in the trial court in granting or refusing to grant a new trial. And we have frequently said that,

"It is a general rule applicable to all cases that an order granting a new trial will not be disturbed in the absence of a clear abuse of discretion, unless the record discloses that the order was made because of a misconception of the law appli-

cable to the case." *Snider v. Washington Water Power Co.*, 66 Wash. 598, 120 Pac. 88, and cases there cited.

We are satisfied that the trial court properly granted the motion for a new trial, and the order is therefore affirmed.

CROW, C. J., MAIN, FULLERTON, and ELLIS, JJ., concur.