CHARLES L. DAVIES et al., as Surviving Partners of the Firm of D. J. DAVIES & SONS, Appellants, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

Fires — railroads — liability of railroad company for damage from fires ignited by sparks or live coals from locomotives — recovery not restricted to damages for buildings directly ignited by sparks or coals but may include those for other buildings on same property destroyed in same fire.

It is the law of this state that the limit of liability for damages caused by a fire allowed to spread from one's premises to his neighbor's is the damage to the abutting lands, and that damages to the lands of other proprietors not adjoining the premises of the one responsible for the origin of the fire are too remote. This rule should be adhered to but not extended. It has no application where a fire ignited by cinders emitted from the smokestacks of railroad locomotives or from live coals dumped upon the railroad tracks, spread from the property first ignited to other property on plaintiff's premises, with no other owner's property intervening between plaintiff's lands and those of the railroad company.

*Davies* v. *Delaware, Lackawanna & Western R. R. Co.*, 155 App. Div. 943, reversed.

(Argued May 3, 1915; decided May 25, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 3, 1913, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Townsend, L. P. Fuess* and *H. L. Fuess* for appellants. The case was submitted to the jury upon an erroneous charge excepted to by the plaintiffs. (*Hoffman* v. *King*, 160 N. Y. 618; *Webb* v. *R., W. & O. R. R.*

Co., 49 N. Y. 420; *O'Neil* v. *N. Y., O. & W. R. R. Co.*, 115 N. Y. 579; *Van Inwegen* v. *P. J. R. R. Co.*, 165 N. Y. 625.)

*C. V. Byrne* for respondent. The case was properly submitted to the jury and no exception was taken by the plaintiffs except to the amount of damages. (*Flynn* v. *N. Y. C. & H. R. R. R. Co.*, 142 N. Y. 11; *Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 209; *Frace* v. *N. Y., L. E. & W. R. R. Co.*, 143 N. Y. 182; *Hoffman* v. *King*, 160 N. Y. 618; *Miller* v. *N. Y. C. & H. R. R. R. Co.*, 92 App. Div. 282.)

MILLER, J. The action was brought to recover the value of two buildings and contents and a quantity of lumber and shingles alleged to have been set on fire either by sparks emitted from the smokestacks of the defendant's engines or from coals dropped from the defendant's engines on to its tracks. The property burned was on premises adjoining the defendant's railroad and but a few feet from its tracks. There were two buildings separated by a driveway about thirteen and one half feet wide, a quantity of rough hemlock piled near one of them and a quantity of shingles on a car standing on a switch near them. There was evidence from which a jury could have found that the fire was due to the defendant's negligence either in allowing large cinders to be emitted from the smokestack of one of its engines or in dumping live coals upon the tracks. The important question arising on this appeal is presented by an exception, whose bearing sufficiently appears from the following colloquy between court and counsel at the close of the charge, viz.:

" Defendant's Counsel: I ask your honor to charge that if the jury do get to the question of damages, they cannot find for the lumber, to the amount of $4,320, or for the shingles on the car, amounting to $359, in view of the evidence of the plaintiffs' witness, Mr. Davies, that when

he saw the fire those two elements were not on fire, but just the buildings.

"The Court: Well, I don't know as I will charge quite that. I will charge the jury that they must find that those lumber piles and those shingles took fire directly from the sparks of the locomotives, or from the fire which was scattered along the track.

"Defendant's Counsel: And not from the buildings?

"The Court: And not from the buildings. In other words, the courts in this state hold, that in order to be the proximate cause of a fire, it must be communicated directly from the negligent source to the property destroyed. That where there is an intervening property, there is no right to recover. That is, where it is communicated by means of the intervening property.

"Defendant's Counsel: And further, on that proposition, that if the jury find that either building — for instance, the further building — the larger building — caught fire from the first building, or the smaller building — there can be no recovery for the larger building and its contents.

"The Court: If it was communicated from the smaller building, I so charge.

"Plaintiff's Counsel: I except to your Honor's ruling made in reference to that."

It was impossible to determine from the evidence where the fire started or whether it was communicated from one building to the other or from the buildings to the lumber and shingles, or *vice versa*.

It is the settled law of this state that the limit of liability for damages caused by a fire allowed to spread from one's premises to his neighbor's is the damage to the abutting lands, and that damages to the lands of other proprietors not adjoining the premises of the one responsible for the origin of the fire are too remote. (*Hoffman* v. *King*, 160 N. Y. 618; *Van Inwegen* v. *Port Jervis, Monticello & New York R. R. Co.*, 165 N. Y. 625; *Dougherty* v. *King*, 165 N. Y. 657.) The prior decisions of this court

were reviewed in the two opinions delivered in the *Hoff-man* case, and a workable, if somewhat arbitrary, rule was adopted. It should be adhered to, but not extended. In this case there was no intervening property between the plaintiff's lands and those of the railroad. In point of fact a fire communicated to any part of the property destroyed was almost certain to spread to the rest. If the origin of the fire was attributable to the negligence of the defendant, the entire destruction of property caused by it was a proximate result of that negligence. The mere fact that the fire may have spread from one building to the other, or from the buildings to the lumber, did not break the causal connection between the defendant's negligence and the entire damage done. The instructions of the court required a verdict for the defendant because it was impossible to determine to what property of the plaintiffs' the fire was first communicated.

It is urged, however, that the exception was taken only to an instruction relating to the *quantum* of damages, a question which the jury never reached. The colloquy quoted but emphasized a rule laid down in the main charge, to which it is true no exception was specifically taken. However, exception was taken to the ruling that the plaintiffs could only recover for the particular property to which the fire was directly communicated either from the defendant's engines or the coals on its tracks. The attention of the court was thus called to its error, and it would be technical in the extreme not to give a party the benefit of an exception to an erroneous instruction which really required a verdict against him, although it was given in response to a request relating to the extent of damages.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., WERNER, CHASE, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment reversed, etc.