[No. 16067. Department Two. December 13, 1920.]

SOUTHERN ALASKA CANNING COMPANY, *Appellant,* v.
ANDREW C. SMITH, *Respondent.*[1]

PLEADING (42)—ANSWER—INCONSISTENT DEFENSES—ELECTION. In
an action for a balance due on the purchase price of a ship, an
affirmative defense of a defect rendering the ship unseaworthy by
reason of which plaintiff agreed to take less, is not inconsistent
with a defense that defendant was damaged to the extent of such
amount by reason of false representations; and it is error to require
an election between them.

APPEAL (406)—REVIEW—NEW TRIAL ON SPECIFIC GROUND. Where
a new trial was granted solely upon the ground of a specified error
of law, the same may be reviewed on appeal.

Appeal from an order of the superior court for
King county, French, J., entered May 4, 1920, grant-
ing a new trial, after trial and judgment for plaintiff,
in an action on contract. Affirmed.

*Wright, Kelleher, Allen & Hilen,* for appellant.
*Ernest B. Herald,* for respondent.

TOLMAN, J.—The plaintiff, appellant, brought suit
upon a complaint the gist of which was that, by an
agreement, partly oral and partly written, it sold
to defendant a steamboat for $15,000; that he paid
$14,500 when the boat was delivered to him; that he
failed to pay the remaining $500, and prayed judgment
for that amount.

The answer, after making certain denials, set up two
affirmative defenses. The first affirmative defense was
that the plaintiff had represented the boat to be in
good condition and entirely seaworthy, and that it had
recently been inspected by the Federal officials, and re-
ported to be entirely seaworthy, and on the basis of

[1]Reported in 194 Pac. 383.

these representations the plaintiff gave the defendant an option to purchase the boat for $15,000, with the privilege of inspection; that the defendant, upon such inspection, found that the boat had not been examined recently by the Federal examining officials, and that the tail shaft was not in a seaworthy condition; that the Federal examining authorities had condemned it as being unseaworthy until this tail shaft was replaced; that he thereupon went to the plaintiff and reported that it would cost $500 to replace this defective and worn shaft; and that he would take the boat at $14,500 as it was but would not pay more than that sum. The plaintiff acquiesced, whereupon the defendant paid the $14,500 as the full purchase price, and received possession of the boat.

The second affirmative defense was that the contract was made as alleged by plaintiff, but that, as an inducement to cause him to enter into a contract, representations were made that the boat had been recently inspected; was entirely seaworthy, etc. (being the same allegations as to representations as made in the first affirmative defense); that he found these representations to be false; that the boat was actually worth $500 less than it would have been if these representations had been true, and prayed, as an offset to the $500 balance of the purchase money, that he be allowed $500 damages by reason of the false representations.

Plaintiff's motion against these answers upon the ground that they were inconsistent was denied, the court holding that the defenses were not inconsistent. Thereafter the case came on for trial before another judge, and plaintiff renewed its motion to require the defendant to elect as to which answer he would rely upon, claiming them to be inconsistent notwithstanding the previous ruling made in the course of the set-

tlement of the issues, and the trial court, holding the answers to be inconsistent, required an election, to which defendant excepted, and thereupon defendant elected to stand upon the first affirmative defense.

To support its case, the plaintiff introduced a written option, which, of course, did not contain the representations as to the condition and seaworthiness of the boat, but simply gave the defendant an option to purchase the boat within a time certain for $15,000. It is apparent that the option was not a contract binding the defendant to purchase, and in order to make its case, and under the allegations of its complaint, the plaintiff introduced evidence of an oral acceptance of the terms of the option by the defendant; admitting, however, that, at the time of such alleged acceptance by the defendant, he (the defendant) called attention to the unseaworthiness of the vessel, raised the question as to the representations theretofore made by the plaintiff regarding its seaworthiness and recent inspection, and demanded or asked for a reduction of the purchase price in the sum of $500 to cover the cost of putting the boat in seaworthy condition.

Plaintiff's officer who closed the transaction was not its chief executive officer, and seemed to feel that he had no authority to change the terms of the option, or, if he had authority, did not wish to assume the responsibility of so doing. He accepted $14,000 from the defendant, which, with $500 paid at the time the option was given, made the $14,500 which plaintiff admits it received, and which defendant claims was to be in full payment. Plaintiff's witness, however, claims that he then said to defendant that he had no authority to change the terms of the option and that the question of the representations made, their truth or falsity, and any reduction to be made from the purchase price on

account thereof, must be taken up with, and settled by, the president of the company, and he thereupon gave defendant a receipt for the money paid, which, in terms, says that the question in dispute is to be taken up with the president of the plaintiff company.

The defendant, on the other hand, testified that he stated squarely and positively that the boat was not as represented; that he would not take it under the option price of $15,000, because it would cost $500 to put it in the condition it had been represented to him to be in; that he tendered $14,000, with the $500 already paid as the full purchase price, declaring he would pay no more for the boat, and that plaintiff's officer accepted the money, and only after he had accepted it did he begin to indicate that he lacked authority to make a reduction in the purchase price.

Defendant admits that he received the receipt, but supposed it to be a receipt for the money paid, or a receipt in full for the purchase price, and did not examine it or learn of its conditions as to the settlement of the matter in dispute until long afterwards. A bill of sale of the boat was delivered at that time or shortly thereafter to the defendant as purchaser without any further suggestion that any part of the purchase price was still unpaid.

Defendant sought to offer evidence to support his allegations of the representations made by the plaintiff at or before the time the option was given, inducing him to enter into negotiations for the purchase of the boat. The trial court, however, assumed that the transaction was fully covered by the written agreement; that the defendant had accepted the option and purchased on its terms and, therefore, as the option contained no representations, parol evidence to vary the terms of the option could not be received, and ac-

cordingly entered judgment for the plaintiff for the full amount claimed.

Defendant interposed a motion for a new trial, and the trial court, after hearing the arguments thereon, concluded that he was in error in having ruled out all evidence as to oral representations; that the complaint having alleged that the agreement was partly oral and partly written, the defendant should have been permitted to show fully what the agreement was, including the oral representations, if any, which induced it, and thereupon granted the motion for a new trial, from which this appeal is prosecuted.

The first question presented and the one chiefly argued here, is as to whether or not the two affrmative defenses pleaded by the defendant are inconsistent with each other. Were we to follow strictly the apparent ruling in the case chiefly relied upon by plaintiff, we might be forced to the conclusion that the defenses are inconsistent, but in that case, *Hart-Parr Co. v. Keeth,* 62 Wash. 464, 114 Pac. 169, Ann. Cas. 1912D 243, it is said:

"It is true that the doctrine should be applied with caution, and that not all seemingly inconsistent defenses are actually inconsistent; for it is sometimes necessary to make a denial which is in reality a denial of a conclusion of law instead of a fact. . . . But in all cases of this kind, and especially cases from this court, will be found the qualifying demand that there shall be no direct contradiction in the facts pleaded. The object of a lawsuit is to elicit the truth concerning the facts which are the subject of the controversy, and the object of pleadings is to aid in such elicitation and determination."

So that this case clearly recognizes the rule which we seek to apply here. The gist of the allegations here, in each of the affirmative defenses is the representations as to the seaworthiness of the boat, the fact

that they were false, and that $500 was required to place the boat in the condition in which it was represented to be. The defendant is not specially concerned as to whether the contract of sale was at the option price and he be allowed a diminution of $500 because of false representations, or whether the plaintiff actually agreed to such diminution and closed the sale at $500 less than the option price. Either result is the same to the defendant. Again, the apparent inconsistency between the two affirmative defenses is a conclusion drawn by the pleader rather than an inconsistency in the ultimate facts. Take the testimony of the defendant given upon the trial that, when he met the plaintiff's secretary for the purpose of closing the transaction, he told him that the condition of the boat had been misrepresented; that the tail shaft was worn out and useless, making the boat to that extent unseaworthy; that it had been condemned by the Federal officers; that it would require $500 to replace the same and put the boat in a seaworthy condition; and that, therefore, he would not pay $15,000 for the boat, but would pay only $14,500; that he thereupon tendered the money and it was accepted; a receipt given, which he did not examine, and the bill of sale delivered. Might he not reasonably draw the conclusion from his standpoint that, by agreement, the option price had been modified, and the sale made at $14,500? Then for the sake of safety and because of his attention later being called to the conditions written into the receipt, of which he did not know at the time, might he not plead that, if his conclusion was wrong as to the agreement to modify the purchase price, then and in that event he was entitled to show the representations, their falsity, and the consequent damages to him, as an offset to the balance claimed to be due plaintiff?

Under the general rule announced by this court in a large number of cases that notwithstanding the positive allegations of the first affrmative defense that the contract was modified, and the equally positive allegations of the second affirmative defense that it was not modified, the gist of the evidence was the same in each, and that the inconsistency inhered in the conclusions only and not in the facts. Indeed it is apparent that the defendant, without in any manner denying the testimony he had already given to support his first affirmative defense, might have proceeded, had the court permitted it, to testify that representations as to the condition of the boat had been made upon which he relied in acting under the option; that these representations were false, and that the boat was in fact worth $500 less than it would have been had these representations been true; and if the trial court had believed such testimony to be true, it might properly have rendered judgment for the defendant under the second affirmative defense. The cases which support this view in this court are as follows:

*Lord v. Wapato Irrigation Co.,* 81 Wash. 561, 142 Pac. 1172; *Cooper v. Farmers & Merchants' Bank of Wenatchee,* 68 Wash. 310, 123 Pac. 465; *Betcher v. Kunz,* 112 Wash. 563, 192 Pac. 955.

In the latter case, Judge Main, speaking for the court, quotes with approval the rule as stated in *Irwin v. Holbrook,* 32 Wash. 349, 73 Pac. 350, as follows:

"Defenses are inconsistent only when one in fact contradicts the other. Where there is only a seeming and logical inconsistency, which arises merely from a denial and the plea in confession and avoidance, such defenses are not held to be inconsistent."

The trial court in its order granting defendant's motion for a new trial, said:

"And it appearing to the court that the complaint on file herein contains a recitation to the effect that the contract between the plaintiff and the defendant was partly oral and partly in writing, and that such recital was overlooked by the court at the time that the defendant was caused to elect between his first and second affirmative defenses and upon the various rulings as to the admission of testimony herein, and that the order of the court compelling the defendant to so elect and restricting the defendant's testimony, in view of the recital in the complaint hereinabove given, was erroneous;

"And it appearing to the court that a motion for a new trial should be granted, solely upon the grounds and for the reason above given;

"Now, therefore, premises considered, it is ordered," etc.

The order granting a new trial, having been made "solely upon the grounds and for the reason above given," we think it well within the province of this court to review such holding as a matter of law and to determine that such granting of a new trial was not error.

The order appealed from is affirmed.

Holcomb, C. J., Mount, and Main, JJ., concur.