[No. 17538. Department Two. April 27, 1923.]

## C. B. SUTHERLAND, *as Receiver, etc., Respondent,* v. NORTHERN PACIFIC RAILWAY COMPANY *et al., Appellants.*[1]

APPEAL (406)—REVIEW—DISCRETION—GRANTING NEW TRIAL. Where it appears from the record that the court below may have considered the evidence insufficient to support a jury's verdict, the appellate court will not review an order of the trial court granting a new trial unless an abuse of discretion clearly appears; and the fact that the trial judge found each of the questions of law presented ground for a new trial, does not negative that he may also have thought the verdict contrary to the evidence.

Appeal from an order of the superior court for Lewis county, Reynolds, J., entered April 10, 1922, granting a new trial, after the verdict of a jury rendered in favor of the defendants, in an action in tort. Affirmed.

*Geo. T. Reid, J. W. Quick,* and *Dysart & Ellsbury,* for appellants.

*J. H. Jahnke* and *C. D. Cunningham,* for respondent.

PARKER, J.—The plaintiff, as receiver for the Centralia Millwork & Supply Company, commenced this action in the superior court for Lewis county, seeking recovery of damages alleged to have been suffered by that company by the burning of its plant as the result

[1]Reported in 214 Pac. 823.

of negligence of the defendants railway company and
Stewart, its section foreman.. A trial of the case upon
its merits before the court, sitting with a jury, resulted
in a verdict in favor of the defendants. A motion for
a new trial was thereafter timely made by the plain-
tiff rested upon a number of stated grounds, one of
which is "insufficiency of the evidence to justify the
verdict;" which, of course, means in this case that the
verdict is contrary to the weight of the evidence, since
the verdict, being in favor of the defendants, was nec-
essarily negative in form. This motion was granted
by the trial judge, as evidenced by his action in that
behalf by his signing and filing a paper which he styled,
"Memo decision on motion for new trial"; and later
by a formal general order which did not specify any
grounds for granting a new trial, signed by him and
filed in the case. From this action of the trial court,
the defendants have appealed to this court.

The principal contentions here made in behalf of the
defendants rest upon the theory that the trial court, in
granting plaintiff's motion for a new trial, so limited
the grounds upon which the granting of that motion
was rested as to make it plain that such grounds in-
volved only questions of law, and did not involve any
element of discretion on the part of the court.

The court's so-called "memo decision" is brought
here as a part of the clerk's transcript of the record of
the trial court, and is not made of record as a part of
the statement of facts. In so far as we need here no-
tice its language, it reads as follows:

"Many grievances of court and jury and opposing
counsel were suggested by counsel for plaintiff why
a new trial should be granted, more or less just criti-
cisms no doubt, but hardly of sufficient merit to war-
rant setting aside the verdict on account thereof. Sev-

eral errors of a serious nature were, however, pointed out that are more worthy of serious consideration. . . .

"5.  We shall not discuss the question raised by the motion for new trial but not argued, to the effect that the verdict is not sustained by the evidence, since we have decided the motion should be granted for other and sufficient reversible error, other than to say we think the evidence ample to sustain a contrary verdict had proper instructions been given. . . .

"The motion for new trial is granted.

"Dated this 25th day of March, 1922.

"W. A. Reynolds,

"Judge."

The portions of this paper which we have omitted from the above quotation contain brief discussions by the trial judge of four claimed grounds for a new trial, each of which he considered sufficient to call for the granting of a new trial. We may, for present purposes, concede that these four claimed grounds for a new trial involve questions of law only, and do not involve any question of fact nor the exercise of discretion by the trial judge.

Contention is made in behalf of the defendants that the court's "memo decision," above quoted from, is, in substance and legal effect, an order granting to the plaintiff a new trial, as evidenced by its concluding sentence, and therefore we may look to its recitals as evidencing the fact that the court granted the motion solely because of error of law occurring in the case; while contention is made in behalf of the plaintiff that that paper does not constitute an order granting a new trial, but is in effect nothing more than an expression of the trial judge's views why a new trial should be granted, and that it is, therefore, not properly a part of the record in the case, it not being embodied in

any statement of facts or bill of exceptions; and that, since the order thereafter entered purporting to grant a new trial is in general terms without any recitals as to the reasons therefor, this court is unable to determine whether the trial judge granted the motion for a new trial solely upon questions of law, or granted the motion upon such grounds and also upon discretional grounds, including that of the verdict being contrary to the weight of the evidence. We assume, for argument's sake, that this so-called "memo decision," because of its concluding sentence, is, in legal effect, an order granting a new trial, so that it may be considered a part of the record, as any formal order made by the court may be so considered when properly brought to us in the clerk's transcript of the record of the case in the superior court.

While we have held that this court is fully authorized to review upon appeal an order granting a motion for a new trial, when such ruling is rested solely upon some claim of error or errors of law; and that, in reviewing such order, it will exercise its judgment wholly independent of the views of the superior court; *Dunkle v. Spokane Falls & N. R. Co.*, 20 Wash. 254, 55 Pac. 51; *Gardner v. Lovegren*, 27 Wash. 356, 67 Pac. 617; *Crowl v. West Coast Steel Co.*, 109 Wash. 426, 186 Pac. 866; *Southern Alaska Canning Co. v. Smith*, 113 Wash. 400, 194 Pac. 383; *Anderson v. Bauer*, 121 Wash. 112, 208 Pac. 259, 213 Pac. 477, this court will not do so unless the record renders it clear beyond question that the superior court has rested such ruling solely upon claimed error or errors of law. We have apparently not said this as yet in so many words, but our decisions in the following cases point to this as the correct view of the law: *Snider v. Washington Water Power Co.*, 66 Wash. 598, 120 Pac. 88; *Nordeen Iron Works v. Rucker*,

83 Wash. 126, 145 Pac. 219; *Crowl v. West Coast Steel Co.*, 109 Wash. 426, 186 Pac. 866.

Now it seems to us that the recitals in the court's so-called "memo decision," viewed as an order granting a new trial, do not clearly show that the trial court rested its ruling solely upon claimed errors of law wholly apart from the exercise of discretion such as would be involved in the ground for a new trial that the verdict is contrary to the weight of the evidence. We cannot clearly see from the recitals but that the trial judge may have also been of the opinion that the verdict is contrary to the weight of the evidence and considered that as a ground sufficient to call for the granting of a new trial. Indeed, the recitals above quoted point rather to the view that the court did consider than as a sufficient ground for the granting of a new trial, rather than negativing such thought upon the part of the trial judge. The mere fact that the trial judge in terms expressly found that each of the questions of law presented called for the granting of a new trial, we think does not negative the fact that he may have also thought that the verdict was contrary to the weight of the evidence to the extent of warranting the granting of a new trial.

The granting of a new trial rested upon the decision of questions of fact involving the exercise of discretion on the part of the trial judge will, of course, not be reversed by this court, except possibly upon a very plain abuse of discretion on the part of the trial judge, and this we are quite convinced cannot be held by us to have occurred in this case.

Some contention is made that the evidence introduced upon the trial in no event would support a finding of liability for damages in favor of the plaintiff and

against the defendants; and that, therefore, timely motions made in behalf of the defendants to withdraw the case from the jury and so decide, as a matter of law, should have been granted by the court. A review of the evidence convinces us that error was not committed by the trial court in refusing to so dispose of the case. We think the evidence in this record is such as to prevent the court from interfering with a finding of the jury either for or against the defendants.

We conclude that the court did not err in refusing to take the case from the jury and decide it in the defendant's favor as a matter of law; and, also, that it did not err in granting to the plaintiff a new trial. The order granting a new trial is therefore affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.