[No. 23544. Department Two. February 17, 1932.]

MARGARET NELSON, *as Executrix, Respondent*, v. J. A. OWENS *et al., Appellants*.[1]

*H. P. Jones*, for appellants.
*Henderson, Carnahan & Thompson*, for respondent.

HOLCOMB, J.—This action was brought by respondent as executrix of the estate of her deceased husband, under the provisions of Rem. Comp. Stat., §§ 183 and 183-1, for damages for the wrongful death of her husband alleged to have been caused by the negligence of appellants.

The evidence on behalf of respondent shows that, in the forenoon of August 12, 1928, the deceased and respondent were riding as guests in an automobile owned and then being driven by one Lee, in Tacoma.

[1]Reported in 8 P. (2d) 301.

In the Lee automobile were also Mrs. Lee and a Miss McCafferty, niece of respondent.

North "M" street, in Tacoma, runs in an easterly and westerly direction, and is intersected by north Seventh street, which runs in a northerly and southerly direction. The view at the southwest corner of this intersection is obstructed by a sloping bank and by a residence to such an extent as to require the observance of the fifteen mile speed limit within the intersection and the twenty-five miles per hour approaching the intersection, as prescribed by Rem. 1927 Sup., § 6362-3.

The Lee automobile was proceeding along north "M" street in an easterly direction and towards this intersection, and at about the same time appellant, the husband, was driving his automobile along north Seventh street in a northerly direction. Lee was a street car motorman, which occupation he had followed for some twenty-three years at the time of the trial. He testified that, when he reached a point on north "M" street sufficiently past this sloping bank and house at the southwest corner to enable him to have an unobstructed view of the approaches to the intersection, he slowed down and glanced up north Seventh street, and saw a car somewhere just past the alley coming in his direction. The point at which he slowed up was identified by an "X" marked upon a map. It is one hundred fifty feet from the south curb line of "M" street extended across the intersection to the north curb line of the alley extended. Lee further said that, as he entered the intersection, he slowed down to a rate of speed of twelve miles per hour, and that he then proceeded across the intersection at a rate of about fifteen miles per hour. He said that he had plenty of time to cross the intersection

before the arrival of appellants' car, and that, when he had reached a point about opposite the sidewalk, in other words east of the intersection, the deceased said to him: "That car is going to hit you." Lee glanced over his shoulder and saw appellants' automobile approaching and turning to the right; that he gave his car a turn, but appellants' car had a bumper on it which caught in the rear wheel of Lee's car and tipped it over. It is shown on the map in evidence that, near the northeast intersection of north "M" and north Seventh streets, there is a fire hydrant which is about twenty-seven feet east of the east side of the intersection. After the impact, the deceased and respondent were lying east of the hydrant, or over twenty-seven feet from the east side of the intersection. Mrs. Lee also testified that the collision actually occurred east of the east side of the intersection, or beyond and outside of the intersection. A witness for appellants, who was the only eye witness other than the occupants of the two automobiles, also testified that the collision occurred at a point which he identified on the map, which would be well east of the intersection. Miss McCafferty also testified that, when the Lee car reached the point marked by him as the point at which he slowed down, appellants' car was about at the alley. Appellant testified that the collision occurred on a line with the east line of north Seventh street. It thus appears that, with the exception of appellant, who fixed the place of the collision on the east line of the intersection, all the other witnesses placed it as east of the east side of the intersection, or beyond it.

There was competent testimony that appellant was traveling along Seventh street and entered the intersection at an excessive rate of speed, which Lee placed

at thirty to forty miles per hour. There was further testimony that appellant applied his brakes as he entered the intersection, but released them within the intersection, and that, if he had continued to apply his brakes, his car would have stopped.

As a result of the collision, all of the occupants of the Lee car, except Miss McCafferty, were seriously injured, and as a result thereof the husband of respondent died within a short time.

The trial before a jury resulted in a verdict in favor of respondent, and after denying motions for judgment notwithstanding the verdict, or, in the alternative, for a new trial, judgment upon the verdict was entered. This appeal results.

Appellant argues nine errors under two contentions: (1) Error in giving and refusing to give instructions; and (2) insufficiency of the evidence.

The chief complaint of error argued by appellants concerns an instruction numbered eight, given by the court.

A cursory examination of this instruction shows that it contained the essentials of the law as to the right of way of favored and disfavored drivers under the statute; a definition of the word "simultaneously;" a statement that the favored driver cannot insist upon the right of way when it obviously appears that to do so would cause an accident; and a statement respecting the application of the statutory rule to collisions occurring beyond the intersection.

The exception by appellants to this instruction reads:

"The jury having retired to consider of its verdict, and before their return into court, the defendants except to the giving to the jury by the court of instruction No. 8, upon the ground that it is not a correct statement of the law under the facts involved; said instruction being as follows:"

The exception then recited the entire instruction. No further reason for the exception was given.

Under rule VI of rules of pleading and practice adopted by this court (159 Wash. lxi, Rem. 1927 Sup., § 308-6), this instruction was entirely too general. It is no more specific than was the exception to certain instructions in *Kelley v. Cohen,* 152 Wash. 1, 277 Pac. 74, and *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 295 Pac. 921.

Those decisions were decisive that the exception here taken is insufficient to cause a review of the validity of the instruction excepted to.

The refusal to give a requested instruction (No. 15) is argued by appellants as error, the exception to the refusal to give it reading:

"Defendants also except to the refusal of the court to give their requested instruction No. 15 as follows:" and then recite the entire requested instruction.

This exception, also, was general in its nature and in no way specified the question of law which appellant wished to cover and did not comply with rule VI. *Kelley v. Cohen, supra.*

■ The complaint that the evidence on behalf of respondent was insufficient to justify any verdict in her favor is untenable.

There was much more than the mere scintilla of evidence in this case than that shown in *Dunsmoor v. North Coast Transportation Co.,* 154 Wash. 229, 281 Pac. 995, relied upon by appellants, and the facts are as strong, if not stronger, in her favor than was the case in *Martin v. Westinghouse Electric & Mfg. Co.,* 162 Wash. 150, 297 Pac. 1098. In that case, we held that the contributory negligence of one approaching an intersection from the disfavored position and attempting to cross without giving way to the car approaching from the right, was a question for the jury

under circumstances more favorable to the disfavored driver in that case than in this.

The case was properly submitted to the jury, and it would have been error to have granted a judgment, n. o. v. The refusal of a new trial by the trial court was without error.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.