[No. 31020.   Department Two.   February 27, 1950.]

IRENE FRANKS, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 215 P. (2d) 416.

*Walthew, Gershon, Yothers & Warner,* for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for respondent.

HAMLEY, J.—Irene Franks, a claimant under the workmen's compensation act, fractured her right ankle and injured her back on August 18, 1943, while employed by the Washington Veneer Company, of Olympia, Washington. Her claim was closed on February 14, 1944, with payment of one hundred two dollars, representing time loss for temporary total disability to February 11, 1944, and four hundred fifty dollars by reason of a permanent partial disability

award of twelve and one-half per cent for unspecified injuries. On February 29, 1944, and again on October 10, 1944, claimant requested further consideration of her claim, but the supervisor of industrial insurance denied both requests.

On February 15, 1945, claimant applied to the joint board for a reopening and rehearing of the claim, alleging aggravation. The application was granted and on January 21, 1946, the matter was remanded to the supervisor, pursuant to an agreement between the parties. The supervisor was instructed to reopen the claim for treatment

". . . and for time loss from October 10, 1944, less the days worked, and for future time loss, if, and as indicated, and for further compensation, if any . . ."

On July 10, 1946, the supervisor closed her claim with payment of $72.50 for thirty days' time loss, to July 9, 1946, and an additional permanent partial disability award of seven and one-half per cent for unspecified injuries, or two hundred seventy dollars, effective as of that date. On July 18, 1946, claimant applied to the joint board for a reopening and rehearing. In this application it is recited that claimant has been unable to work since July 9, 1946, and that she is entitled to additional time loss compensation. The application also asks that she be paid additional permanent partial disability compensation. There was no allegation of aggravation since the claim was closed on July 10, 1946. The application for rehearing was granted. After a hearing before the joint board, the claim was closed on July 6, 1948, with an additional permanent partial disability award of five per cent for unspecified injuries, or one hundred eighty dollars.

Claimant then appealed to the superior court. The jury, after trial, returned a verdict awarding her an additional fifty per cent of the maximum for unspecified injuries, or $1,800, and $1,377.50, as compensation for nineteen months' additional time loss. Defendant filed a motion for judgment notwithstanding the verdict of the jury or in the alternative for a new trial. The motion for judgment notwithstanding

the verdict was denied, and the motion for a new trial was granted. Plaintiff has appealed.

As grounds for granting a new trial, the order under review recites "Error in giving the following numbered instructions: 1-9-13-14-15-16." Appellant contends, as to each of these instructions, that (1) the exception to the instruction was inadequate; or (2) the instruction was not prejudicial; or (3) the instruction correctly stated the law.

We will first discuss instruction No. 16, which submitted to the jury two interrogatories, by means of which the jury was to indicate its verdict. The first interrogatory asked the jury to indicate the amount of additional permanent partial disability compensation to which appellant might be entitled. The jury answered fifty per cent. The second interrogatory asked the jury to indicate the amount of additional time loss compensation to which appellant might be entitled. The jury answered $1,377.50.

Respondent asserts that the claim for time loss compensation should not have been submitted to the jury because it was inconsistent with the claim for a greater award for permanent partial disability.

Respondent's criticism of this instruction is well taken and was so recognized by the trial court. The only time an injured workman is entitled to time loss is during the period that he is classified as temporarily totally disabled. See Rem. Supp. 1941, § 7679 (d) [P.P.C. § 705-1], which was in effect when the accident occurred, and Rem. Supp. 1949, § 7679 (d), now in effect. Usually, during a period of temporary total disability, the workman is undergoing treatment. In any event, such classification contemplates that eventually there will be either complete recovery or an impaired bodily condition which is static. Until one or the other of these conditions is reached, the statutory classification is temporary total disability. Permanent partial disability, on the other hand, contemplates a situation where the condition of the injured workman has reached a fixed state from which full recovery is not expected. *Miller*

*v. Department of Labor & Industries,* 200 Wash. 674, 94 P. (2d) 764.

It is plain from the foregoing that a claimant cannot at one and the same time be classified as temporarily totally disabled and permanently partially disabled. Accordingly, when it has been determined, as it was here, that the condition of the workman has reached a fixed state and he is entitled to a permanent partial disability award, he is not, thereafter, entitled to any compensation for time loss unless it is subsequently determined that he is in need of further treatment and has been restored to the temporary total disability classification. Here, the permanent partial disability classification had been left undisturbed except for an increase in the percentage award. Appellant seeks to retain that status but to obtain a further increase in the percentage award. As indicated above, the claim for time loss compensation is inconsistent with the claim for a permanent partial disability award, and should not have been submitted to the jury.

While appellant asked for additional time loss compensation when she applied for a rehearing before the joint board, she expressly disavowed her right to it at the joint board hearing and her attorney indicated uncertainty on the point. This is shown by the following colloquy:

"Mr. Noble [representing Mrs. Franks]: Is this claimant entitled to any time loss, Mr. Cobley? Mrs. Franks: No, I'm not. Mr. Cobley [the examiner]: She says she's not. Mr. Noble: Well, I asked you specifically. Mr. Cobley: I'm not on the witness stand. Mr. Noble: Well, can't you answer me? You ask me these questions all the time to embarrass me and at least I try to answer them, the least you could do would be to answer. Mr. Cobley: I don't know whether she has any claim for time loss or not. You're her attorney. You're supposed to figure out what she's claiming. If you don't know, I'm sure I don't know who would."

At the oral argument on this appeal, appellant's counsel frankly conceded that the claims for time loss and for a greater award for permanent partial disability were inconsistent. But it was urged, on behalf of appellant, that how-

ever erroneous instruction No. 16 may have been in this regard, the exception thereto was expressed in general terms which did not apprise the trial court of the legal point relied upon or the insufficiency of the evidence as to the claim for time loss. Accordingly, it is argued, there was a failure to comply with the statute relative to exceptions, the instruction therefore became the law of the case, and the trial court was powerless to grant a new trial because of error in giving such instruction.

Rem. Rev. Stat. (Sup.), § 308-10 [P.P.C. § 93-19] (Rule X), provides in part:

"Exceptions to a charge to a jury . . . shall be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute."

■ We have consistently held that a review cannot be predicated upon error in an instruction where the exception was too general to be effective in calling the court's attention to any error. *Davis v. North Coast Transp. Co.,* 160 Wash. 576, 295 Pac. 921; *Nelson v. Owens,* 166 Wash. 647, 8 P. (2d) 301; *Glick v. Ropes,* 18 Wn. (2d) 260, 138 P. (2d) 858. In the *Davis* case, the exception to the refusal to give an instruction was that the instruction "is not a statement of law applicable to the case," and that it is "not justified or warranted by the facts and the evidence." In the *Nelson* case, the exception recited that the instruction "is not a correct statement of the law under the facts involved." In the *Glick* case, the exception was that "said instruction embodies the law of the case," and that it "was a proper instruction to be given to the jury covering the facts in the case."

■ The exception taken to instruction No. 16 is as follows:

"Excepts to instruction No. 16 upon the ground and for the reason that the interrogatory No. 2 is not in issue in this case, as it pertains to time loss on the part of the plaintiff."

In our opinion, this exception was "sufficiently specific to apprise the judge" of the admitted error in the instruction. The exception called attention to a precise point

—the claim for time loss compensation—and stated, in effect, that that claim is not an issue in the case. That is the exact contention now relied upon—that time loss compensation should not have been included as an issue in that case. This exception is more specific than those which were held inadequate in the cases referred to above.

Appellant makes the further contention that, even though instruction No. 16 was erroneous and was adequately excepted to, the trial court could not grant a new trial because earlier instructions, involving the same matter, had been inadequately excepted to and so became the law of the case. The reference to earlier instructions involving the matter of time loss pertains to instructions Nos. 1 and 14. Instruction No. 1 presented, in summary form, appellant's claims for an increase in the award for permanent partial disability and compensation for time loss. Instruction No. 14 specifically advised the jury of appellant's claim for time loss compensation. The exceptions taken to these instructions were as follows:

"Defendant excepts to instruction No. 1 upon the ground and for the reason that the instruction that was given is erroneous, both in law and in fact, in that it mentioned the amount of award which has no bearing on the matter and is not a consideration for the jury."

"Objects to instruction No. 14 upon the ground and for the reason that the giving of said instruction is prejudicial in that it mentions a sum to which the plaintiff would be entitled."

Having found the exception to instruction No. 16 adequate, we do not believe that it is necessary to decide whether the exceptions to instructions Nos. 1 and 14, involving the same point of law, are also adequate. This court, in a long line of cases, many of which are cited in *Schneider v. Noel*, 23 Wn. (2d) 388, 160 P. (2d) 1002, has held that instructions not excepted to become the law of the case. In none of these cases, however, has it been held that this rule operates *instanter* at the time the exceptions are taken, so that failure to tender an adequate exception to one instruction immediately makes that instruction the law

of the case, thereby precluding consideration of a later erroneous and prejudicial instruction to which adequate exception was taken. Any such application of the rule would be technical in the extreme. *Davies v. Delaware, L. & W. R. Co.*, 215 N. Y. 181, 109 N. E. 95. It is our view that an adequate exception to an erroneous and prejudicial instruction sufficiently preserves the point to permit a trial court to grant a new trial because of such error, although there has been no adequate exception to other instructions containing the same error.

■ We accordingly hold that, assuming there was a failure to tender adequate exceptions to instructions Nos. 1 and 14, the trial court was not thereby precluded from granting a new trial because of error, properly excepted to, in instruction No. 16.

■ Appellant further urges, however, that instructions Nos. 1 and 14, together with the opening statement of counsel and references in the evidence to time loss compensation, so far brought the matter of time loss to the attention of the jury that the giving of instruction No. 16 could not have been prejudicial. It is thus sought to invoke the well-established rule that the error must have been prejudicial in order to warrant reversal. *State v. Clayton*, 32 Wn. (2d) 571, 202 P. (2d) 922.

Instruction No. 16, proposing the special interrogatory, was the only instruction which provided the jury with a way in which it could reflect the erroneous time loss item in its verdict. Any amount of reference to time loss throughout the trial would have been harmless, in so far as granting an item of damage for time loss is concerned, had it not been for this interrogatory. Instruction No. 16, in fact, was the only one of the three instructions which was prejudicial in this respect. Hence it cannot be said that instruction No. 16 was rendered harmless by what had gone before. Our discussion, below, of the question of harmless error in connection with instruction No. 1 is also pertinent here.

We conclude that the trial court did not err in granting a new trial because of error in giving instruction No. 16.

Instruction No. 1 involves another question of law which also calls for discussion. This was the instruction outlining the general issues of the case. It contains these statements:

". . . The Supervisor of Industrial Insurance finally closed her claim with an award of 20% of the maximum of unspecified permanent partial disability in the sum of $720.00, less the previous award of $450.00, or with an additional award of $270.00 for permanent partial disability.

". . . At the conclusion of the hearings the Joint Board entered an order reversing the action of the Supervisor of Industrial Insurance with instructions to award 25% of the maximum unspecified permanent disability in the sum of $900.00, less the previous award of $720.00, or an additional award of $180.00, the claim to thereupon be closed."

Respondent objects to these statements, saying that the only function of the jury is to determine the percentage of permanent partial disability. It contends that mention, before the jury, of the amount which this would represent in dollars, as specified in the statute, has the effect of minimizing the value of a percentage award, and thus prejudices the jury in favor of higher percentage awards than would otherwise be the case. The exception to this instruction, quoted above, adequately presented the question for consideration by the trial court, and no contention is made to the contrary.

We believe that the mention of past or present permanent disability awards, or claimed awards, in terms of money, is confusing to the jury, whose sole function is to determine disability in terms of physical condition. It is true that the statute itself states that three thousand six hundred dollars shall constitute the maximum award for unspecified permanent partial disability. Rem. Supp. 1947, § 7679 (f). From this the monetary value of any percentage award for unspecified permanent partial disability may be computed. But the only purpose of this reference to dollars in the statute is to provide a basis for payment of the award once the percentage of disability has been determined.

When the jury is told what any particular disability award means in terms of dollars, it is likely, or at least possible, that the jury will consider its function to be that of awarding a money judgment. Even if the jury properly understands its function, the mention of dollars injects a consideration foreign to the determination of physical condition. The limited issue before the jury in these cases is stated in *Champagne v. Department of Labor & Industries,* 22 Wn. (2d) 412, 415, 156 P. (2d) 422, as follows:

"The question presented is whether the department, in making its award in this case, found the correct percentage of injury; hence, the jurors are not concerned with what the award may have been in dollars, but are concerned with a determination of what is the per cent of the injury."

Appellant contends, however, that the mention in instruction No. 1 of the amount of the award in terms of money, even if improper, was harmless error. It is pointed out that the amount of the award was mentioned in appellant's opening statement to the jury, and no exception was taken thereto. Likewise, the testimony before the department contains several references to the amount of the award in terms of money. No objection was interposed when these references were made, either at the hearing before the joint board or when the departmental record was read to the jury.

By granting a new trial because of error in the instructions, the trial court in effect determined that the erroneous instructions were prejudicial. The trial court was in a better position than are we to determine the effect which the erroneous instructions may have had upon the jury. The court may well have concluded that the instruction, by emphasizing and giving official sanction to the mention of the amount of the award in terms of money, introduced prejudice which would not have resulted from the previous incidental references to the matter. The record before us provides no basis for ruling that the trial court did not reach the proper conclusion in this regard. As we said in *Nordeen Iron Works v. Rucker,* 83 Wash. 126, 129, 145 Pac. 219, in rejecting a contention similar to that which respondent makes here:

"Where erroneous instructions are given upon material questions, prejudice will be presumed unless it clearly appears from the whole case that there was no prejudice. It does not so appear in this case."

The trial court did not err in granting a new trial because of this error in instruction No. 1. The same error is involved in instruction No. 15, but it is contended that the exception thereto is inadequate. In view of our ruling on instruction No. 1, it is unnecessary to consider instruction No. 15 or the exception thereto.

Instruction No. 9 reads as follows:

"You are instructed that in determining the amount of additional permanent partial disability compensation, if any, that the plaintiff is entitled to receive, that you will take into consideration the loss of his earning power. The theory upon which compensation is allowed to an injured workman for permanent partial disability is that such workman has sustained a loss of earning power, which means the capacity to earn money. Although the amounts to be allowed in specific instances are fixed by statute, the awards are nevertheless based upon a loss in earning power."

Respondent contends that the jury may not take loss of earning power into consideration in determining the proper percentage of permanent partial disability, and that it was error to so instruct. Appellant does not take the position that the exception to this instruction was insufficient to present the question, but argues, on the merits, that it was proper for the jury to consider loss of earning power in fixing the percentage of permanent partial disability. Appellant calls attention to considerable evidence in the record bearing upon appellant's loss of earning power as a result of the injury. Appellant also relies upon *Harrington v. Department of Labor & Industries,* 9 Wn. (2d) 1, 7, 113 P. (2d) 518, as establishing the propriety of submitting this consideration to the jury. We there said:

"The theory upon which compensation is allowed to an injured workman is that such workman has sustained a loss of earning power, or capacity to earn money. Although the amounts to be allowed in specific instances are fixed

by statute, the awards are nevertheless predicated upon a commensurate loss of earning power."

See, also, *Henson v. Department of Labor & Industries,* 15 Wn. (2d) 384, 130 P. (2d) 885.

In the *Harrington* and *Henson* cases we were discussing the theory upon which the workmen's compensation act is predicated. We were not concerned with the question, now presented, as to the issues and matters which may properly be considered by the jury.

As stated in the *Harrington* opinion, the theory upon which this system of compensation is based is that injured workmen sustain a loss of earning power, or capacity to earn money. In the case of permanent partial disability, the legislature has taken loss of earning power into consideration by prescribing, in dollars, the compensation to be paid for certain specified disabilities. In case of unspecified disabilities, such as that involved in the case before us, the legislature had (at the time this injury occurred) fixed the maximum compensation at three thousand six hundred dollars. There is also the provision that the actual allowance shall be in the proportion which the extent of such unspecified disability shall bear to the specified disability which most closely resembles and approximates in degree of disability such other specified disability. Rem. Supp. 1941, § 7679 (f).

██ It is clear, then, that the jury has no function to perform except to set the degree of unspecified permanent partial disability, the dollar compensation being then a mere mathematical computation with three thousand six hundred dollars representing one hundred per cent. So far as the jury is concerned, unspecified permanent partial disability involves only the loss of bodily function, and is measured, not by the loss of earning power, but by the relationship between the unspecified disability and the specified disabilities. Accordingly, two claimants with precisely the same injury to the back should be awarded identical percentages of permanent partial disability, although one

claimant may have twice as much earning power as the other.

There could be no objection to an instruction which advises the jury that, in determining the amount of additional permanent partial disability, if any, it may take into consideration whether the plaintiff is prevented, by such injury, from carrying on her normal work or occupation. Such an instruction would not inject a monetary consideration, as is the case where "earning power" is referred to. There are many times when it is helpful, in determining the degree of permanent partial disability, to consider whether the claimant is able to do his usual work. *Gakovich v. Department of Labor & Industries*, 29 Wn. (2d) 1, 184 P. (2d) 830, is an example of this. There we reversed a judgment awarding the claimant additional permanent disability because, among other things, the record showed that the claimant was still working for the same employer and "doing the same job" he "had always done with them."

Instruction No. 9 is faulty because it does not limit the issue presented to the jury to the question of whether respondent was prevented by her injury from carrying on her normal work, or the extent of her physical incapacity to perform such work. Rather, by the use of the term "earning power," the instruction invited the jury to consider respondent's actual loss of earnings in determining the percentage of permanent partial disability. Accordingly, the trial court properly granted a new trial because of the giving of such instruction.

■ The remaining instruction listed as erroneous in the order granting a new trial is No. 13, reading as follows:

"You are instructed that in the event an injured employee becomes totally and permanently disabled from engaging in any gainful occupation as the proximate result of an industrial injury, he is awarded monthly payments of compensation known as a pension. The maximum of unspecified permanent partial disability, however, is not equivalent to total permanent disability, and is payable when, and even though, the injured employee can engage in some form of gainful occupation."

Respondent, in its brief, has not suggested any reason why it was not proper for pensions to be referred to in the manner indicated, and we perceive none. The instruction does not purport to advise the jury that the plaintiff was claiming a pension. The apparent purpose of the instruction was to express the fact that a claim for the maximum of unspecified permanent partial disability is not equivalent to a claim that one is totally and permanently disabled from engaging in any gainful occupation. The jury was thereby advised that a person may receive an award totaling the maximum of unspecified permanent partial disability, even though such person is capable of engaging in some form of gainful employment. We believe that this instruction was proper.

Because of the errors in giving instructions Nos. 1, 9, 14 and 16, the order granting a new trial is affirmed.

ROBINSON and MALLERY, JJ., concur.

HILL, J., concurs in the result.

SIMPSON, C. J., dissents.