[No. 60-40436-1.   Division One.   October 2, 1969.]
Panel 1

GLENN W. CAYCE, *Respondent*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES *et al., Appellants.*

*John J. O'Connell, Attorney General,* and *Joe Gordon, Jr.,
Assistant,* for appellant Department of Labor and Industries.

*Ingram, Zelasko & Goodwin* and *Richard E. Goodwin,*
for appellant Aloha Lumber Company.

*James J. Solan,* for respondent.

FARRIS, J.—Respondent, Glenn W. Cayce, a claimant under the Industrial Insurance Act, RCW 51.32, injured his back on January 2, 1964, while employed by Aloha Lumber

Company of Aberdeen, Washington. His claim was closed on December 8, 1965, with a permanent partial disability award of 20 per cent of the maximum allowable for unspecified disabilities. He appealed to the Board of Industrial Insurance Appeals where hearings were followed by the issuance of a proposed decision and order which raised his disability award to 40 per cent of the maximum allowable for unspecified disabilities. Exceptions to this preliminary order were filed by Mr. Cayce and the department. On October 8, 1967, the board issued an order reversing the department and adopting the findings and conclusions of the proposed decision and order.

Mr. Cayce then appealed to Grays Harbor County Superior Court on or about October 30, 1967. The trial court, sitting without a jury, entered its findings of fact and conclusions of law and judgment on June 10, 1968, which reversed the board order and directed the department to award Mr. Cayce 100 per cent of the maximum allowable for unspecified disabilities for the effects of his 1964 industrial injury. From this judgment the department and the employer appeal.

All parties agree that there is adequate medical testimony in the record to support the trial court's award. The question is whether the trial court used a correct standard in reaching its decision.

Appellants argue that the trial court erred in reaching and entering that part of finding of fact 4 which provides:

> From the standpoint of the picture of the man as a whole, his age, his employment career, his training, his capabilities, his experience, and from the standpoint that he is probably permanently off the regular labor market in his field of work, the Board's rating is highly unrealistic.

We do not agree.

The Supreme Court in *Franks v. Department of Labor & Indus.*, 35 Wn.2d 763, 215 P.2d 416 (1950) stated at 775:

> There could be no objection to an instruction which advises the jury that, in determining the amount of additional permanent partial disability, if any, it may take

into consideration whether the plaintiff is prevented, by such injury, from carrying on her normal work or occupation. Such an instruction would not inject a monetary consideration, as is the case where "earning power" is referred to. There are many times when it is helpful, in determining the degree of permanent partial disability, to consider whether the claimant is able to do his usual work. *Gakovich v. Department of Labor & Industries,* 29 Wn. (2d) 1, 184 P. (2d) 830, is an example of this.

It is mandatory that the extent of disability, as it exists at any relevant date, be determined by medical testimony, some of it based upon objective standards. *Page v. Department of Labor & Indus.,* 52 Wn.2d 706, 709, 328 P.2d 663 (1958).

■ Compensation for unspecified permanent partial disability is awarded not on the basis of loss of earning power, but loss of bodily function. In determining loss of bodily function, the trial court may properly consider the age, employment career, training, capabilities, experience and inability to perform one's usual occupation if it uses these factors only to determine the degree of loss of body function. The error comes if the court considers the loss of the claimant's earning power because of his injury and increases the award to reflect this loss. Standards which may, in any way, reflect upon the physical capabilities of the claimant before and after the injury may properly be considered.

Age, training, experience, capabilities, employment career, and inability to perform one's usual occupation are all relevant if the evidence shows that the injury necessitates retraining, a change in employment career and a departure from usual work experiences. Age is a measure to test whether the inability complained of is due to the injury or advanced age and its accompanying symptoms. The sole use of any standard selected by the trial court must be to determine disability in terms of physical condition. We are satisfied that this test was met.

■ The appellant argues that it is impossible to reconcile the increased award here with the specific finding by the trial court that "From a strictly physical standpoint, the

Board's rating of 40 per cent may be correct." We agree. Standing alone, that language would be fatal to the increased award. When used, as here, as one sentence in an otherwise correct finding of fact it is, at best, confusing.

We therefore remand the matter to the trial court with instructions to clarify its disability award, considering only such factors as relate to loss of bodily function.

JAMES, C. J., and SWANSON, J., concur.

---

Petition for rehearing granted November 5, 1969.