[No. 3127. Decided June 22, 1899.]

JOHN LANGSTON *et ux., Respondents,* v. FERDINAND

EPHRIAM *et al., Appellants.*

REVIEW ON APPEAL—GRANT OF NEW TRIAL—ABUSE OF DISCRETION.

An order of the superior court granting a motion for a new trial, based upon the statutory grounds therefor, will not be reviewed on appeal, except where there is an apparent abuse of discretion.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Emmons & Emmons* and *Vince H. Faben,* for appellants.

*Smith & Cole* and *Donworth & Howe,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Appeal from an order of the superior court of King county granting a new trial of the action. The motion for a new trial was based upon the following grounds: (1) Insufficiency of the evidence to justify the verdict, and that it is against law; and (2) error in law occurring at the trial and excepted to at the time by the plaintiffs.

The action was commenced to recover the possession of the premises described in the complaint, under the third subdivision of § 5527, Bal. Code. It appears to have been shown at the trial that defendants were in default one year in the payment of rent; that they went into possession on June 22, 1889, under the terms of a lease with plaintiffs. The term mentioned in the lease was twenty years, with monthly rent reserved. On January 27, 1898, plaintiffs gave defendants written notice to quit or pay rent. The rent then due was $1,950. Defendants denied that they

were indebted for the rent alleged; denied the service of the notice or that they were unlawfully detaining the premises. Defendants also set up that after they went into possession, they were permanently ousted by the plaintiffs from a portion of the premises, to their damage. And, for a second affirmative defense defendants set up that after making the lease, and in October, 1894, the plaintiffs sold, assigned and transferred the lease to one Palmer, and all the rents, issues and profits thereof, which assignment was duly recorded, and that Palmer was still the owner thereof. It appeared at the trial that plaintiffs introduced in evidence a re-assignment of the lease from Palmer to themselves, to the introduction of which testimony defendants objected. On these issues the testimony was heard, and, upon the conclusion of the trial, both plaintiffs and defendants moved for judgment. The superior court granted the motion of defendants and instructed the jury to return a verdict in their favor.

The only question presented upon this appeal is whether the superior court abused its discretion in granting the order for a new trial. The statutory grounds for a new trial are specified in the motion, and they contemplate that the superior court may, in its judgment, grant the order; and it is only when it is apparent on the record here that the superior court plainly abused its discretion that this court will review its order, and it cannot be said that this record presents such a case.

The order of the superior court is therefore affirmed.

GORDON, C. J., and DUNBAR, ANDERS and FULLERTON, JJ., concur.