[No. 4605.   Decided November 16, 1903.]

C. C. Griggs *et al., Respondents,* v. L. MacLean *et al.,*
*Appellants.*[1]

APPEAL—STATEMENT OF FACTS—AFFIDAVITS, HOW BROUGHT UP.
Affidavits used on a motion for a new trial cannot be considered
unless brought up by a bill of exceptions or statement of facts.

NEW TRIAL—DISCRETION—SEVERAL GROUNDS. The granting of a
new trial will not be reversed if within the sound discretion of
the court upon any of the grounds stated, when the record does
not show on which one of several grounds it was based.

Appeal by defendants from an order of the superior
court for Chelan county, Rudkin, J., entered September
4, 1902, setting aside the verdict of a jury rendered in
favor of defendants July 11, 1902, and granting a new
trial. Affirmed.

*John D. Dill,* for appellants.

*C. Victor Martin* and *Frank Reeves,* for respondents.

PER CURIAM.—From the transcript and briefs filed in
this case, it appears that the respondents, C. C. Griggs and
Alexander Griggs, commenced an action against L. Mac
Lean and George Bedtelyon, appellants, in the superior
court of Chelan county, for $600 damages for keeping and
maintaining a ferry cable across the Columbia river at Che-
lan Falls, against which one of respondents' boats collided.
The cause was tried to a jury, resulting in a verdict for
appellants. Respondents filed a motion for a new trial,
which was granted by the trial court. Appellants ex-
cepted, and appeal to this court from the order granting

[1]Reported in 74 Pac. 360.

the new trial.   Since the taking of the appeal, a written stipulation was filed in this court suggesting the death of respondent Alexander Griggs, the appointment of Etta Griggs as his administratrix, requesting the substitution of such administratrix as respondent in place of said Alexander Griggs, which has been accordingly done.

The appellants allege three assignments of error:   (1) the court erred in refusing to strike from the files the affidavit of juror W. D. Reeder; (2) the court erred in considering the affidavit of W. D. Reeder; (3) the court erred in setting aside the verdict of the jury.   The motion for a new trial alleges three distinct grounds:   (1) the said verdict was against the law and the evidence as given upon the trial heretofore; (2) misconduct of the defendants (prevailing party) during the trial; (3) misconduct of the jury, both during the trial and while in the jury room. The order, omitting the title, is as follows:

"This case coming on regularly for hearing upon a motion of plaintiffs by their attorney, Victor Martin, for an order to vacate and set aside the verdict of the jury, and for a new trial in the above entitled action, said motion being resisted by John Dill, attorney for the defendants. After reading the affidavits filed, both by the plaintiffs and defendants, and the court being fully advised in all of the premises, it is ordered that the verdict of the jury in this case rendered July 11, 1902, be and the same is hereby vacated and set aside, and a new hearing ordered.

"Done in open court this 4th day of Sept. 1902.
                    "Frank H. Rudkin, Judge."

The evidence produced at the hearing is not before this court.   There are certain affidavits copied in the transcript relating to acts of misconduct on the part of certain jurors, upon which the appellant contends the trial court

based its ruling in granting the new trial; but these affidavits were not made a part of the record by any bill of exceptions or statement of facts, and therefore cannot be considered on the hearing of this appeal. *Chevalier & Co. v. Wilson,* 30 Wash. 227, 70 Pac. 487, and cases there cited.

On the face of the record, the case at bar comes squarely within the rule enunciated by numerous decisions of this court. In *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907, this court held that "a motion for a new trial is addressed to the sound discretion of the court and will not be interfered with on appeal unless it is manifest that the discretion vested in the court was grossly abused." After citing authorities to sustain this proposition, the court further observes:

"And where the record shows that the motion for a new trial was made on several grounds, but does not show upon which of them the ruling of the court was based, the order will not be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated."

See, also, *Langston v. Ephriam,* 21 Wash. 282, 57 Pac. 808; *Newman v. Overland Pac. Ry. Co.,* 132 Cal. 73, 64 Pac. 110.

As no reversible error appears in the record, the order of the superior court granting the new trial in this case must be affirmed, and it is so ordered.