[No. 15459.  Department Two.  January 13, 1920.]

# B. A. CROWL, *Respondent*, v. WEST COAST STEEL COMPANY *et al., Appellants.*[1]

APPEAL (406)—REVIEW—DISCRETION—GRANTING NEW TRIAL. The granting of a new trial solely on the ground of error of law committed by the trial court is not a matter of discretion, and will be reviewed on appeal.

SAME (406). It cannot be said that the court granted a new trial on discretionary grounds, as might be inferred from the order alone, where it appears that the court in a memorandum decision stated that it was granted for error in an instruction.

· TRIAL (45-1)—ARGUMENT OF COUNSEL—SPECIAL INTERROGATORIES. Where special interrogatories are submitted under Rem. Code, § 341, counsel have a right to argue them to the jury.

APPEAL (108)—PRESERVATION OF GROUNDS—NECESSITY. Error cannot be claimed in the submission of special interrogatories without any opportunity to argue them to the jury, where the record fails to show any request for such permission.

APPEAL (445) — REVIEW — HARMLESS ERROR — RESTRICTING ARGUMENT. Error in depriving counsel of an opportunity to argue special interrogatories submitted to the jury is not prejudicial where the answer to them did not add to or subtract from the general verdict rendered.

MUNICIPAL CORPORATIONS (392)—CROSSINGS—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action for personal injuries sustained by a pedestrian struck by an automobile, in the absence of statute it would be error to instruct that at other places than at crossings pedestrians must keep a continuous lookout for danger, since the question of negligence is ordinarily one for the jury; but under an ordinance providing that a pedestrian shall cross streets only at crossings and shall there have the right of way over vehicles, which must travel at reduced speed, such an instruction is not error that would entitle plaintiff to a new trial.

SAME (380, 391)—USE OF STREETS—VIOLATION OF ORDINANCE—CONTRIBUTORY NEGLIGENCE. A pedestrian crossing a street at a place other than a street intersection in direct violation of a city ordinance, is guilty of contributory negligence as a matter of law, although it would still be for the jury to determine whether the negli-

[1] Reported in 186 Pac. 866.

gence contributed to the injury or whether he should have been seen in time to avoid the injury; and it would be his duty to keep a constant lookout.

Appeal from an order of the superior court for Pierce county, Card, J., entered March 10, 1919, granting a new trial, after the verdict of a jury rendered in favor of the defendants, in an action in tort. Reversed.

*James B. Murphy* and *Arthur H. Hutchinson,* for appellants.

*Burkey, O'Brien & Burkey,* for respondent.

Bridges, J.—This was a suit for personal injuries. The complaint, in substance, alleged that, near the intersection of 21st and Junette streets, in Tacoma, Washington, the defendants negligently caused their automobile to run against and over the plaintiff, thereby injuring him. This location is in the residence portion of the city. The defendants denied negligence and set up contributory negligence as a cause of the injury. There was a verdict against the plaintiff and in favor of the defendants. The plaintiff asked for a new trial based upon the various statutory grounds. The court later made an order granting such new trial. The appeal is from that order.

We are met at the outset with the contention of respondent that the granting of a new trial is within the discretion of the trial court, and that this court will not interfere with the exercise of such discretion except for manifest abuse thereof. That such is the general rule in this state cannot be denied. *Nordeen Iron Works v. Rucker,* 83 Wash. 126, 145 Pac. 219; *Snider v. Washington Water Power Co.,* 66 Wash. 598, 120 Pac. 88; *Gardner v. Lovegren,* 27 Wash. 356, 67 Pac. 615; *Dunkle v. Spokane Falls & N. R. Co.,* 20

Wash. 254, 55 Pac. 51. However, the doctrine that the granting of a new trial is in the discretion of the trial court can be applied only to those instances where the trial court has so acted on grounds involving questions of discretion as distinguished from grounds involving questions of law. For illustration, the court would exercise its discretion by granting a new trial because he believed the evidence was insufficient to justify the verdict, or that there had been misconduct on the part of the jury or some of the parties to the suit. But where a new trial is granted because the court is of the opinion that he has erred in some matter of law, such, for illustration, as the giving or the refusing to give certain instructions, there would not be an exercise of discretion. In the case of *Dunkle v. Spokane Falls & N. R. Co., supra,* the trial court granted a new trial for the reason that he was of the opinion that he had erred in denying the plaintiff's motion to dismiss the action. This court said:

"Respondent invokes the familiar rule that a motion for a new trial is a matter addressed to the discretion of the lower court and that the order of the court will not be disturbed unless the record discloses an abuse of discretion. But it will be observed in this case that the order was based upon the sole ground that the court committed error in denying plaintiff's application to dismiss the action. This raises a clean cut legal proposition, not involving in its determination the exercise of any discretion, and there is nothing in the general rule which will prevent this court from reviewing the order."

In the case of *Gardner v. Lovegren, supra,* this court said:

"It is true that the granting of a motion for a new trial is, in a certain sense, discretionary with the trial court; and, if it were upon matters of fact, the appellate court would hesitate to set aside an order made by

the trial court, unless it plainly appeared that the discretion was abused. But in the case at bar it is a pure question of law, and this court will act upon it independently and uncontrolled by the judgment of the lower court, as it would upon any other question of law which was brought to it upon appeal.''

But the respondent insists that, inasmuch as the order granting the new trial was a general one and did not designate the grounds upon which it was made, this court cannot tell whether the trial court acted in the exercise of its discretion or because of some supposed erroneous ruling involving purely legal propositions. We are convinced, however, that the record shows the grounds upon which the court made its order for a new trial. The court was considering four propositions, as follows: (1) alleged misconduct of one or more of the jurors; (2) alleged misconduct of defendants' attorneys in addressing the jury; (3) submitting to the jury certain special interrogatories without having given permission to plaintiff's attorneys to argue thereupon; and (4) the giving by the court of its instruction No. 17. The record makes it plain that the trial court did not grant the motion for a new trial on either of the first two grounds. The court said: ''I think there was misconduct of the jury, but not very serious. . . . I cannot bind the supreme court on what they will review. I do not think there was any misconduct of counsel, but I do not know what the supreme court might think.'' Later the court made and filed in the cause a memorandum decision wherein it is stated that a new trial ''is granted in this action for error in instruction No. 17, presented by the defendants; also for misconduct of jury and error in the submitting of interrogatories. The last *grounds* standing alone would not require a new trial, but the error in instruc-

tions makes a new trial mandatory.'' It is, therefore, plain that the court did not grant a new trial on the ground of misconduct of counsel or misconduct of the jury, but chiefly because of instruction No. 17, and probably to some extent because of the manner in which special interrogatories were submitted to the jury. These involve purely legal questions which this court will review. We may say, however, in passing, that we have carefully examined the record with reference to charges of misconduct of counsel and jury and we are convinced that the record fails to show anything with reference thereto which would justify the granting of a new trial. This then leaves us to determine whether or not the manner of submitting special interrogatories to the jury or the giving of instruction No. 17 constituted such error as would justify the granting of a new trial.

The record shows that, at the close of the testimony, and before the court gave its instructions, and before the argument to the jury, defendants' attorney, in open court, called the court's attention to certain special interrogatories which he desired to have submitted to the jury. They were then handed to the clerk and were by him filed in the cause. When the court instructed the jury, he did not make any mention of the special interrogatories. After the argument to the jury and immediately before it retired to deliberate on its verdict, the court informed it that he would send out to it four special interrogatories to be answered by it. This, it seems, was the first plaintiff's attorneys had heard of any special interrogatories. They then, in the presence of the jury, objected to the interrogatories or special findings because they were not submitted to the jury in time for, or prior to, argument. Nothing further seems to have been done or said in regard to these interrogatories, except they

were sent to, and answered by, the jury. Respondent now contends that he had a right to argue these special interrogatories to the jury and thereby assist them in making correct answers, and that it was error to deprive him of that right. Section 341, Rem. Code, provides:

"Any party may, when the evidence is closed, submit in distinct and concise propositions the conclusions of fact which he claims to be established, or the conclusions of law which he desires to be adjudged, or both. They may be written, and handed to the court, or, at the option of the court, oral, and entered in the judge's minutes."

It would appear that attorneys for defendants did everything the statute required of them. We have no doubt that plaintiff's attorney had the right to argue these interrogatories to the jury, and if the court had refused such permission, it would probably have been error. *Snider v. Washington Water Power Co.*, 66 Wash. 598, 120 Pac. 88; *Pittsburgh, C., C. & St. L. R. Co. v. Lightheiser*, 168 Ind. 438, 78 N. E. 1033; *Laffery v. United States Gypsum Co.*, 92 Kan. 475, 141 Pac. 241; *Stacy v. Cook*, 62 Kan. 50, 61 Pac. 399. However, the record fails to disclose any request by the plaintiff to be permitted to argue the interrogatories to the jury. Evidently the failure of the court to instruct the jury with reference to the interrogatories at the time of giving the general instructions was merely an inadvertence. We have no doubt that the court would have granted such a request had it been made even after the general argument, but the failure to make it, we think, deprives the plaintiff of the privilege of now claiming error on that account.

But there is another reason why there was no prejudicial error in this regard. The jury found a general verdict for the defendants, and the answers to the

interrogatories are not inconsistent with, but, on the
contrary, conform to such verdict. The answers to
special interrogatories did not add to or subtract from
the general verdict. The parties are right where they
would have been had there been no special verdict.
It is, therefore, perfectly plain to us that the error
of the court, if any, in depriving plaintiff's counsel of
the opportunity of arguing the special interrogatories
to the jury, is without prejudice and would not justify
the granting of a new trial.

The giving of instruction No. 17 presents an inter-
esting question. It is as follows:

"You are further instructed that at other places
than at crossings the law places upon the pedestrian
the necessity of continuous observation and avoidance
of injury."

The trial court concluded that this instruction did
not state the law, and, chiefly for that reason, granted
a new trial. Respondents contend that this instruc-
tion invaded the province of the jury. Under ordinary
circumstances, and in the absence of statute or local
ordinance influencing or controlling the situation, we
would be disposed to agree with this contention. This
court has uniformly held that the care required of a
plaintiff is measured by the care which would be taken,
under like circumstances and conditions, by a reason-
ably prudent and careful man. Ordinarily, it should
be left to the jury to say whether or not, under the
particular conditions existing, a plaintiff would be
guilty of negligence if he did not constantly keep on
the lookout for danger. The cases generally are to
this effect. *Graham v. Hagmann,* 270 Ill. 252, 110
N. E. 337; *Rump v. Woods,* 50 Ind. App. 347, 98 N. E.
369; *Beeman v. Puget Sound Traction, L. & P. Co.,*
79 Wash. 137, 139 Pac. 1087; *Helliesen v. Seattle Elec-
tric Co.,* 56 Wash. 278, 105 Pac. 458; *Minor v. Stevens,*

65 Wash. 423, 118 Pac. 313, 42 L. R. A. (N. S.) 1178, 2 N. C. C. A. 309; *Harder v. Matthews,* 67 Wash. 487, 121 Pac. 983; *Aiken v. Metcalf,* 90 Vt. 196, 97 Atl. 669; *Partlow v. Illinois Cent. R.,* 150 Ill. 321, 37 N. E. 663; *Gerhard v. Ford Motor Co.,* 155 Mich. 618, 119 N. W. 904, 20 L. R. A. (N. S.) 232; *Hennessey v. Taylor,* 189 Mass. 583, 76 N. E. 224, 3 L. R. A. (N. S.) 345; *Knapp v. Barrett,* 216 N. Y. 226, 110 N. E. 428.

The appellants, however, point out that the words of instruction No. 17 were taken from the opinion of this court in the case of *Johnson v. Johnson,* 85 Wash. 18, 147 Pac. 649. In that case the court, in discussing the care required under an ordinance which gave the right of way to pedestrians at intersections of streets and the right of way elsewhere to automobiles, said:

"If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile when approaching a crossing, just as the necessity of the case puts the same higher degree of care upon the pedestrian at other places than at crossings."

But the court used that language as applicable to the facts of that case. Circumstances may arise where the court may say, as a matter of law, that it would be the duty of the plaintiff in crossing the street to be constantly on the lookout to avoid danger.

But there is involved in this case an ordinance of the city of Tacoma, reading as follows:

"Pedestrians shall cross streets only at street intersections and places designated as cross walks, and at such points they shall have the right of way over all vehicles. Between street intersections and crossings vehicles shall have the right of way." Ordinance No. 6626, § 23.

This ordinance not only gives the right of way to vehicles between intersections of streets, but practi-

cally denies to pedestrians the right to cross any street except at street intersections or places designated as cross-walks. A pedestrian, who crosses the street at a place other than at street intersections or cross-walks, does so in direct violation of the specific provisions of this ordinance. Manifestly, this ordinance was passed with the view of lessening, if possible, the number of injuries occurring in city streets, as the result of pedestrians being run over by automobiles. There are in this state many ordinances and statutes regulating street and highway traffic. They forbid the driving of automobiles faster than at certain fixed rates; they require that the automobile be driven on the right-hand side of the street; they require on each automobile certain head and tail lights; they require that the automobile sound its horn under certain circumstances; and many other like provisions designed for the protection of the traveler, whether by wagon, automobile or on foot. This court has uniformly held that a violation of these ordinances and statutes is negligence *per se*. *Traver v. Spokane St. R. Co.*, 25 Wash. 225, 65 Pac. 284; *Engelker v. Seattle Electric Co.*, 50 Wash. 196, 96 Pac. 1039; *Ballard v. Collins*, 63 Wash. 493, 115 Pac. 1050; *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892; *Anderson v. Kinnear*, 80 Wash. 638, 141 Pac. 1151; *Mickelson v. Fischer*, 81 Wash. 423, 142 Pac. 1160; *Johnson v. Heitman*, 88 Wash. 595, 153 Pac. 331; *Ludwigs v. Dumas*, 72 Wash. 68, 129 Pac. 903.

Under the doctrine of these cases, and others which might be cited, it must be held that if the plaintiff, at the time of his injury, was crossing the street between intersections, he did so in violation of the ordinance we have quoted and was guilty of negligence as a matter of law. It would not, of course, necessarily follow from this that, in a case where the plaintiff admits

violation of the ordinance, he should be nonsuited, because it would still be for the jury to determine certain other features, such as whether his negligence contributed to his injury, or whether the defendant saw or should have seen him in time to have avoided the injury. But if the plaintiff, because of the violation of such an ordinance as we have here, be guilty of negligence *per se*, then certainly it would be his duty to be constantly on the lookout to avoid injury. To say the least of it, the court may say, as a matter of law, that where one is on the street in violation of the express provisions of an ordinance, reasonable care, under the circumstances, requires him to constantly observe. In fact, it may be doubtful whether, under these circumstances, the question of reasonable care on the part of the plaintiff is at all involved. That question, however, is not before us and we do not decide it. But we do hold that the instruction given by the court was as favorable to the plaintiff as he was entitled to have it, and that there was no error in giving it.

It follows from what has been said that the court erred in granting a new trial, and the cause is reversed and remanded with instructions to the lower court to set aside the order granting a new trial, and to enter judgment for defendants upon the verdict of the jury.

HOLCOMB, C. J., TOLMAN, MOUNT, and FULLERTON, JJ., concur.