[No. 18255. Department Two. March 25, 1924.]

NETTIE PIPER, *Appellant*, v. EVA C. PIPER, *as Executrix etc., Respondent.*[1]

APPEAL (406)—REVIEW—NEW TRIAL—DISCRETION. Unless it is ·shown by the order granting a new trial that it was upon specific grounds therein mentioned, the motion being upon all the statutory grounds, the order will not be reversed unless it plainly appears that the court abused its discretion, notwithstanding a memorandum opinion which is not part of the record.

Appeal from an order of the superior court for Whatcom county, Brown, J., entered May 1, 1923, granting ·a new trial, in an action to enforce a claim against an estate. Affirmed.

*Peringer & Thomas* and *Vaughan Brown,* for appellant.

*Sather & Livesey,* for respondent.

PEMBERTON, J.—Appellant instituted this action to recover $2,000, against the estate of J. R. Piper, deceased. It is alleged that J. R. Piper, the father of appellant, agreed to carry a $2,000 life insurance policy in favor of appellant to compensate her for work done for his deceased wife at the time of her last illness, and that J. R. Piper died without leaving such a policy and failed to compensate appellant for her services. The answer admitted that no such policy was in force at the time of the death of J. R. Piper, and pleaded affirmatively, first, an accord and satisfaction; and second, family relationship existing between the decedent and appellant at the time of the services. After hearing the testimony, the trial court made the following statement in a memorandum opinion:

"The evidence in this case is clear and convincing that the said James R. Piper agreed to compensate the

[1]Reported in 224 Pac. 576.

plaintiff by having an insurance policy on his life in the sum of two thousand dollars, which policy was to be payable to the plaintiff. Upon the death of James R. Piper no policy was in existence as contemplated under the agreement, and as a result thereof the plaintiff entitled to recover the sum of two thousand dollars from the estate of the said James R. Piper."

Thereafter findings of fact and conclusions of law and judgment were entered, and within the statutory time a motion for a new trial was filed. The trial court stated in his second memorandum opinion that the motion would be granted upon the authority of *Wall v. McEnnery's Estate,* 105 Wash. 445, 178 Pac. 631, as follows:

"In the above cited case the court held that if the respondent was entitled to recover at all, it must be upon contract made during the life of the McEnnerys, by which contract the respondent was to have their property upon their death. A reading of the said case discloses that at least ten witnesses testified that they heard the McEnnerys say that respondent was to have their property when they died. One witness heard the statement within seven years, and another within six years from the time they were testifying. Confronted by such a number of witnesses, the supreme court says that the evidence was not clear and convincing and would not warrant a court of equity in granting the relief prayed for.

"If the vast number of witnesses in the McEnnery case does not justify a court of equity in upholding a contract, how can it possibly be said in the instant case, where not more than two witnesses testified as to the statements made by the deceased Piper, that the plaintiff should recover."

Counsel for appellant contend that the court erred in granting a new trial; that the court "set aside the judgment for the sole reason that he believes himself bound by an ironclad rule of law laid down in the case of *Wall v. McEnnery's Estate, supra,* that a large num-

ber of witnesses are required to establish the case of a plaintiff in actions of this sort and the testimony of one or two witnesses is not sufficient.'' Much of the brief of appellant is to prove that the case of *Wall v. McEnnery's Estate, supra,* does not lay down a quanitive rule as to the number of witnesses testifying, and many authorities are given to prove that this is not, and never has been, the rule in this state.

The motion for a new trial, however, included all the statutory grounds, and although the trial court on April 30, filed the last mentioned memorandum opinion, on the next day he entered the order granting the new trial, as follows:

''This matter having heretofore been submitted to the court, on motion for a new trial, and the court having heard the argument of counsel for both plaintiff and defendant for and against said motion, and having considered additional authorities likewise submitted on behalf of said motion, and having taken said matter under advisement and being now well and sufficiently advised in the premises, it is by the court:

''Ordered, that the said motion be, and the same is hereby allowed and judgment heretofore entered in this cause is vacated and set aside. To which plaintiff excepts and exception is allowed.

''Done in open court, this 1st day of May, 1923.''

At the time of filing the memorandum opinion, it would appear that the trial court had in mind the question of the number of witnesses testifying. It has been the uniform holding of this court that the granting of a new trial upon statutory grounds is within the discretionary power of the trial court and will not be reviewed except where there is an apparent abuse of discretion.

''The statutory grounds for a new trial are specified in the motion, and they contemplate that the superior court may, in its judgment, grant the order; and it is

only when it is apparent on the record here that the superior court plainly abused its discretion that this court will review its order . . . ." *Langston v. Ephriam,* 21 Wash. 282, 57 Pac. 808.

See, also, *Alberts v. Rasher, Kingman, Herrin,* 128 Wash. 32, 221 Pac. 975.

The memorandum opinion is not a part of the record in determining the grounds given for the granting of a new trial. Unless it is shown by the order denying a new trial that it was upon specific grounds therein mentioned, it will be presumed that all the grounds specified in the motion were under the consideration of the trial court. Under this rule, we cannot say that the trial court abused its discretion.

The judgment will be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.