[No. 19275. Department One. September 3, 1925.]

EDITH M. GLICK MOREHOUSE, *Respondent*, v. THE CITY OF EVERETT, *Appellant*.[1]

APPEAL (406)—REVIEW—DISCRETION—NEW TRIAL—ORDER DISPOSING OF MOTION. Where the formal order granting a new trial does not affirmatively show that it was based only on one specific ground, it cannot be claimed on appeal that other grounds assigned in the motion were not considered by the court; notwithstanding the court had, on the day before, made an informal decision that the motion would be granted on the ground of an error in an instruction.

Appeal from an order of the superior court for Snohomish county, Bell, J., entered October 22, 1924, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action for wrongful death. Affirmed.

*O. Duncan Anderson* and *J. W. Dootson,* for appellant.

*Wm. A. Johnson,* for respondent.

[1]Reported in 238 Pac. 897.

PARKER, J.—The plaintiff, Mrs. Morehouse, for her-
self and the three minor children of herself and de-
ceased husband, seeks recovery of damages for his
death caused, as she alleges, by the city's negligent
obstruction of Grand avenue, one of its principal
streets; in that it caused the paved roadway of that
avenue to be obstructed by a dwelling house being
moved thereon and which was left during the darkness
of the nighttime without displaying sufficient lights
warning drivers of automobiles and other vehicles
upon the avenue; thus causing the deceased, without
fault on his part, to drive his automobile against and
partially under the dwelling house, resulting in his
death. A trial upon the merits in the superior court
for Snohomish county, sitting with a jury, resulted in
a verdict in favor of the city absolving it from liability.
Counsel for the plaintiff thereupon timely moved for a
new trial on several of the statutory grounds, among
others, a claim of error on the part of the trial court in
giving a certain instruction, and also a claim of error
on the part of the trial court in refusing to award a
new trial upon the ground of the verdict being against
the weight of the evidence. The motion for a new trial
was granted and a formal order entered by the court
accordingly, from which the city has appealed to this
court.

There is in the clerk's transcript brought here, but
not appearing by the statement of facts, a paper signed
by the trial judge which, as we view it, is simply an
opinion expressing his views on the motion for a new
trial, wherein he discusses only respondent's claim of
error in the giving of a certain instruction. This
ruling or opinion concludes with these words: "The
motion for new trial will be granted on account of
error in the giving of this instruction." On the fol-

lowing day a formal order was entered accordingly, the whole of the body of which reads as follows:

"The above entitled cause having come on for hearing before the court upon the plaintiff's motion for new trial, the plaintiff appearing by Wm. A. Johnson, her attorney, and the defendant appearing by O. Duncan Anderson and J. W. Dootson, its attorneys, and after argument thereon, the court being fully advised in the premises,

"It is ordered that the said motion be granted."

It is thus rendered apparent that this final order is general and unrestricted in its terms as to the grounds upon which the court awarded a new trial, and does not in the least disclose or suggest that the court awarded a new trial exclusively upon the ground of error in the giving of the instruction complained of.

In the early leading case of *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907, Judge Anders, speaking for this court, said:

"Where the record shows that the motion for a new trial was made on several grounds, but does not show upon which of them the ruling of the court was based, the order will not be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated."

This announcement of the law has been adhered to by this court in all of its subsequent decisions touching the question which we here deem to be controlling of the disposition of this appeal. *Griggs v. MacLean,* 33 Wash. 244, 74 Pac. 360; *Holloway v. Savage,* 68 Wash. 614, 123 Pac. 1021; *Piper v. Piper,* 129 Wash. 72, 224 Pac. 576; *Tasker v. Centralia Memorial Ass'n,* 129 Wash. 699, 225 Pac. 1119. There may have been some little confusion touching our views, growing out of our decision in the peculiarly circumstanced case of *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866, on the question of just when the record of a

given case shows or fails to show the granting or refusing of a new trial exclusively upon some discretionary or purely legal ground; but we think it plain from our later decisions above noted, which are in harmony with those rendered prior to *Crowl v. West Coast Steel Co., supra,* that any such limitation and exclusiveness of the court's ground for the granting or denial of a motion for new trial must appear in the formal final order disposing of the motion, before this court can so view the trial court's disposition of the motion.

The informal ruling or opinion of the trial judge did not finally award a new trial, nor does it affirmatively show but that the trial court considered some of the other assigned grounds as well founded. However, it is plain that the question of whether or not respondent should be awarded a new trial remained in the breast of the court until the following day when the final order awarding a new trial was entered. We are thus unable to determine but that the trial court awarded a new trial upon the ground of the verdict being against the weight of the evidence, as well as the specific ground mentioned in its informal ruling and opinion.

Of course, if we could see that the verdict of the jury was, as a matter of law, the only verdict that could be rendered, as is suggested but seemingly not seriously argued, it might still be said that respondent should not have been awarded a new trial. We have reviewed the evidence with some care in this behalf, however, and are quite convinced that the case could not have been properly so disposed of by the trial court.

The order awarding respondent a new trial is affirmed.

TOLMAN, C. J., MITCHELL, BRIDGES, and ASKREN, JJ., concur.