[No. 19527. Department Two. February 1, 1926.]

## C. H. BONE, *Respondent,* v. YELLOW CAB COMPANY, *Appellant.*[1]

[1] APPEAL (406)—REVIEW—NEW TRIAL—GROUNDS—ORDER DISPOSING OF MOTION. Where the formal order granting a new trial does not affirmatively show that it was based only on one specific ground, it cannot be claimed on appeal that other grounds as signed in the motion were not considered by the court; notwithstanding the court had, on the day before, made an informal decision that the motion would be granted on the ground of an error in an instruction.

Appeal from an order of the superior court for Spokane county, Webster, J., entered June 9, 1925, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action for personal injuries. Affirmed.

*McCarthy, Edge & Lantz,* for appellant.

*Roche & Ayers,* for respondent.

[1]Reported in 242 Pac. 1093.

MAIN, J.—By this action, the plaintiff sought recovery for personal injuries, claimed to be due to negligence chargeable to the defendant. A trial to the court and a jury resulted in a verdict in favor of the defendant. The plaintiff made a motion for new trial, which was sustained and an order entered granting the new trial. From this order, the defendant appeals.

The case was here upon a former appeal, 129 Wash. 503, 225 Pac. 440, after a judgment had been entered on the verdict of the jury in favor of the plaintiff, and the defendant appealed. The case was reversed on account of error in the instructions. The motion for new trial, which was granted and from which the present appeal is prosecuted, was on a number of grounds, one of which was "insufficiency of the evidence to justify the verdict." The operative part of the order granting the new trial is as follows:

"Ordered, That said motion be, and the same is hereby granted. And it is further ordered and decreed that the verdict rendered in the above entitled action be, and hereby is, vacated and set aside and that plain-- tiff be granted a new trial of said cause."

[1] Prior to the entering of the order for a new trial, the trial judge had filed in the cause a memorandum opinion, stating the reasons why, in his opinion, a new trial should be granted. The order granting the new trial, however, was general and unrestricted in its terms as to the ground upon which it was granted.

In the recent case of *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897, a similar situation was presented. There, there was a memorandum opinion, indicating that a new trial should be granted on the ground of error in the instructions. Thereafter, an order was entered granting the new trial, which was general and unrestricted in its terms. It was held that the case should be determined upon the basis of the order, and

that the court could not take into consideration what the trial judge may have said in his memorandum opinion. The question is there fully considered, and we need do nothing more than repeat what was there said:

"It is thus rendered apparent that this final order is general and unrestricted in its terms as to the grounds upon which the court awarded a new trial, and does not in the least disclose or suggest that the court awarded a new trial exclusively upon the ground of error in the giving of the instruction complained of.

"In the early leading case of *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907, Judge Anders, speaking for this court said:

" 'Where the record shows that the motion for a new trial was made on several grounds, but does not show upon which of them the ruling of the court was based, the order will not be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated.'

"This announcement of the law has been adhered to by this court in all of its subsequent decisions touching the question which we here deem to be controlling of the disposition of this appeal. *Griggs v. MacLean*, 33 Wash. 244, 74 Pac. 360; *Holloway v. Savage*, 68 Wash. 614, 123 Pac. 1021; *Piper v. Piper*, 129 Wash. 72, 224 Pac. 576; *Tasker v. Centralia Memorial Ass'n*, 129 Wash. 699, 225 Pac. 1119. There may have been some little confusion touching our views, growing out of our decision in the peculiarly circumstanced case of *Crowl v. West Coast Steel Co.*, 109 Wash. 426, 186 Pac. 866, on the question of just when the record of a given case shows or fails to show the granting or refusing of a new trial exclusively upon some discretionary or purely legal ground; but we think it plain from our later decisions above noted, which are in harmony with those rendered prior to *Crowl v. West Coast Steel Co.*, *supra*, that any such limitation and exclusiveness of the court's ground for the granting or denial of a motion for new trial must appear in the formal final order disposing of

the motion, before this court can so view the trial court's disposition of the motion.

"The informal ruling or opinion of the trial judge did not finally award a new trial, nor does it affirmatively show but that the trial court considered some of the other assigned grounds as well founded. However, it is plain that the question of whether or not appellant should be awarded a new trial remained in the breast of the court until the following day when the final order awarding a new trial was entered. We are thus unable to determine but that the trial court awarded a new trial upon the ground of the verdict being against the weight of the evidence, as well as the specific ground mentioned in its informal ruling and opinion."

It thus appears that, even if there had at any time been doubt as to the rule, the question is now at rest.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.