[No. 21427. Department Two. April 5, 1929.]

FRED WILLIAM MACHENHEIMER, *by his Guardian ad litem Fred William Machenheimer, Respondent,* v. F. FALKNOR *et al., Appellants.*[1]

*Trumbull, Severyns & Trumbull* and *John M. Wilson,* for appellant.

*Griffin & Griffin,* for respondent.

[1] Reported in 276 Pac. 297.

FRENCH, J.—Respondent recovered judgment against appellants for personal injuries, the case having been tried by the court with a jury. Following the verdict, appellant school district made a motion for a new trial on some ten grounds, and both appellants made motions for judgment notwithstanding the verdict. The motions for judgment notwithstanding the verdict having been granted, the case was appealed to this court and reversed. *Machenheimer v. Falknor,* 144 Wash. 27, 255 Pac. 1031. Thereafter the motion for new trial coming on for hearing, the court entered the following order:

"After hearing arguments by counsel for the respective parties and after considering the opinion of the said supreme court, heretofore made herein, and under the law the motion for a new trial should be denied.

"IT IS THEREFORE, BY THE COURT ORDERED, That the motion of the defendant school district No. 314, of Clallam county, Washington, be and same is hereby overruled and denied, . . . "

This appeal follows, with two assignments of error: First, that the court erred in overruling the demurrer to plaintiff's complaint on the ground that the complaint failed to state facts sufficient to constitute a cause of action; second, that the court erred in denying appellant school district's motion for a new trial.

We think the complaint stated a cause of action, but, whether it did or did not, our opinion in the former decision made the law of this case and is binding upon the parties. *Cannon v. Seattle Title Trust Co.,* 145 Wash. 691, 261 Pac. 642, and cases therein cited.

The second error assigned is based, if we understand the position of appellant, solely on the ground that the lower court refused to exercise its discretion, and misconceived the ruling of the supreme court in

the former hearing. It will be noticed that the motion for a new trial in this case was a general motion made on all of the statutory grounds. The essential features of the order denying the motion for a new trial have been heretofore quoted. In *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897, we said:

"There may have been some little confusion touching our views growing out of our decision in the peculiarly circumstanced case of *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866, on the question of just when the record of a given case shows or fails to show the granting or refusing of a new trial exclusively upon some discretionary or purely legal ground; but we think it plain from our later decisions above noted, which are in harmony with those rendered prior to *Crowl v. West Coast Steel Co., supra,* that any such limitation and exclusiveness of the court's ground for the granting or denial of a motion for new trial must appear in the formal final order disposing of the motion, before this court can so view the trial court's disposition of the motion."

Thereafter, in the case of *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142, we said:

"This, however, does not take the present case out of the rule of the *Morehouse* case. The rule of that case was deliberately entered for the purpose of making the law on this question definite and certain. . . . The ground of the motion in the present case not appearing in the formal order entered, the rule of the *Morehouse* case applies, . . ."

Again we announce the rule that, where a new trial is granted or refused on a particular ground, in order to be reviewed on appeal, that ground must be stated in the formal order of the court granting or denying the motion for new trial, and this regardless of what may otherwise appear in the record. At the former hearing of this case, to which reference is here made, the facts are fully stated, and this court decided that

there was sufficient evidence of negligence to be submitted to the jury under proper instructions; that the evidence was sufficient to prevent it from being held, as a matter of law, that respondent was guilty of contributory negligence, and that that question was a question of fact to be submitted to the jury. The order denying the motion for new trial being general in its nature, the court will presume that the trial court exercised its discretion and properly passed on the motion.

Judgment affirmed.

MITCHELL, C. J., MILLARD, PARKER, and MAIN, JJ., concur.