[No. 23082. Department Two. November 5, 1931.]

W. A. ANDERSON, *Respondent*, v. H. J. BARNESON *et al.,*
*Appellants.*[1]

*Bogle, Bogle & Gates,* for appellant.

*Frank E. Hammond,* for respondent.

HOLCOMB, J.—This appeal is from an order granting
a new trial upon a motion therefor made by respond-
ent after a verdict in favor of appellants.

The motion for a new trial was based upon three
grounds: (1) Insufficiency of the evidence to justify
the verdict; (2) the verdict is against the law; and
(3) error at law occurring at the trial.

A hearing was had on the motion on November 22,
1930. The trial judge took the motion under advise-
ment and thereafter, on December 20, 1930, addressed
a letter to counsel for both parties stating that,

"After considering this matter at some length, I
have reached the conclusion that I placed an unrea-
sonable burden upon the plaintiff in my instructions,
and that a new trial must be granted."

[1]Reported in 4 P. (2d) 833.

Notwithstanding the reasons given in the foregoing letter, on December 29, 1930, the trial judge made a general order on the motion for a new trial, reading:

"IT IS HEREBY ORDERED that the motion of the plaintiff for a new trial be and the same is hereby granted, to which the defendants except and their exceptions are allowed. Motion for judgment n. o. v. denied."

On the same day, the trial judge refused to enter an order presented by appellants granting motion for a new trial on the ground that the court erred in giving certain instructions.

Although the court may have been in error in intimating that he had given instructions imposing an undue burden upon respondent, that question is not now reviewable.

In *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142, a similar situation existed. We there reviewed certain cases for the purpose of making the law certain in such matters. We reaffirmed the rule in *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897, and restricted a pronouncement made in *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866.

In the *Shook* case, we decided that, where the formal order granting a new trial does not affirmatively show that it was based only on one ground, it cannot be claimed on appeal that other grounds assigned in the motion were not considered by the court, notwithstanding the court had in a memorandum opinion stated its ground for its decision. To the same effect is our recent decision in *McKay v. General Accident, Fire and Life Assurance Corporation, Limited,* 163 Wash 92, 299 Pac. 987.

Under these recent cases, the order must be and is affirmed.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.