[No. 23365. Department Two. November 24, 1931.]

E. H. BROOKS *et al., Respondents,* v. C. HUTCHINSON *et al., Appellants.*[1]

*M. E. Mack,* for appellants.

*Danson, Lowe & Danson* and *C. A. Orndorff,* for respondents.

MILLARD, J.—The trial of this action, which was brought to recover for personal injuries alleged to have been sustained in a collision of automobiles, resulted in a verdict for the defendants. Upon plaintiffs' motion therefor, based upon all of the statutory grounds, a new trial was granted. The formal order entered by the court reads as follows:

"This matter having come on regularly for hearing on motion of the plaintiffs [naming them] for a new trial in this action, the court having heard the argument of counsel and having taken the matter under advisement and duly considered the same,

[1]Reported in 5 P. (2d) 495.

"It is now ordered that the motion of the plaintiffs and each of them for a new trial in this case be and the same is hereby granted, and the defendants are allowed an exception."

Defendants have appealed.

Appellants contend that the trial court granted the new trial upon particular grounds referred to in its memorandum decision filed some time prior to the signing and filing of the order granting the new trial.

■ It does not appear that the memorandum decision was, as Supreme Court Rule III, subd. 4, 159 Wash. xxxiv, prescribes, included as a part of the statement of facts, hence it is not entitled to consideration. The including of the memorandum decision in the abstract does not satisfy the rule.

■ However, if the memorandum decision were included in the statement of facts, we are committed to the rule that we cannot consider the particular ground upon which the trial court granted the motion, as indicated in the memorandum decision, unless that ground appears in the formal order entered by the trial court.

"Where a new trial is granted or refused on a particular ground, in order to be reviewed on appeal, that ground must be stated in the formal order of the court granting or denying the motion for new trial, and this regardless of what may otherwise appear in the record." *Machenheimer v. Falknor,* 151 Wash. 447, 276 Pac. 297.

To the same effect are *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142, and *Applewhite v. Wayne,* 152 Wash. 62, 277 Pac. 84.

The court may have believed that the verdict was against the weight of the evidence, or it may have determined that there had not been a fair trial because of conditions observed by it during the trial and which

the record does not disclose. In the case at bar there are, as we said in *Applewhite v. Wayne, supra,*

" . . . grounds stated in the motion on which the order can soundly rest that involve only the discretionary powers of the court, and before we can review the question on which the appeal is presented, we must conclude that it would have been an abuse of discretion on the part of the trial court to have rested its order on any of the discretionary grounds. This the record will not permit us to do."

The order appealed from is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.