[No. 28527. Department Two. February 27, 1942.]

D. B. WOOD *et al., Appellants,* v. LOUIS HALLENBARTER, *Respondent.*[1]

[1]Reported in 122 P. (2d) 798.

*George Bovingdon* and *James V. Ramsdell,* for appellants.

*A. O. Burmeister, E. F. Freeman, Shank, Belt, Rode & Cook,* and *Martin L. Potter,* for respondent.

BLAKE, J.—This action grows out of a collision which occurred August 8, 1940, on the Tacoma-Sumner highway, between a loaded logging truck and trailer, owned by plaintiffs and driven by plaintiff D. B. Wood, and a Plymouth sedan, owned and driven by defendant, Hallenbarter. The truck was traveling westerly toward Tacoma; the sedan, easterly toward Sumner. The accident occurred on a curve. After the collision, the sedan came to rest in the middle of the highway, and the truck and trailer, with its load, came to rest in a field on the southerly side of the highway; in other words, the truck and trailer went off the road on the side to its left.

Plaintiffs instituted this action to recover for damage to the truck and trailer and for loss of its use while being repaired. They charged defendant with negligence in several particulars, among which was that, just before and at the time of collision, he was driving on the wrong (his left) side of the road. Defendant answered and, by way of cross-complaint, sought damages for injuries to himself and his car. Among other charges of negligence made by him was that the truck was being driven on the wrong (its left) side of the road. The cause was tried to a jury, which returned a verdict in form for defendant but allowing him no damages. He interposed a motion for new trial, which

was granted "upon the ground that substantial justice has not been done in this case by the verdict of the jury." From the order granting new trial, plaintiffs appeal.

In *Getty v. Hutton,* 110 Wash. 429, 188 Pac. 497, this court said:

"This court, in a great many cases, has held that the lower court is vested with discretion to grant or deny a motion for a new trial, and when that judgment is entered it will not be disturbed on appeal unless it is shown that there was a manifest abuse of such discretion.

"The case of *Funk v. Horrocks,* 99 Wash. 397, 169 Pac. 805, shows the firmness with which we adhere to and follow the rule that we will not interfere with the discretion of the trial court in granting a new trial unless we can say there was a manifest abuse of discretion. In that case, a new trial was granted by the trial court on account of insufficiency of the evidence, and while we stated that, after a careful reading of the testimony, we were inclined to disagree with the view that the evidence was in any respect insufficient, but were emphatically of the opinion that it was sufficient to justify the verdict, yet we refused to set aside the order granting the new trial."

Appellants have cited a number of cases in which this court has sustained orders *denying* motions for new trial upon conflicting evidence—implying, as we infer, that, if it is not an abuse of discretion to *deny* a motion for new trial on conflicting evidence, it is an abuse of discretion to *grant* a motion when the evidence is in conflict. But the rule is equally as applicable when the court grants the motion as when it denies it. *Danielson v. Carstens Packing Co.,* 115 Wash. 516, 197 Pac. 617; *Sutherland v. Northern Pac. R. Co.,* 124 Wash. 413, 214 Pac. 823; *Stuckrath v. Schwarz,* 10 Wn. (2d) 1, 115 P. (2d) 974.

Appellants also refer to a class of cases where ·

only a question of law is presented. Such cases are inapposite to the situation here presented because the order is on a ground resting wholly in the discretion of the court. What was said in *Brammer v. Lappenbusch,* 176 Wash. 625, 631, 30 P. (2d) 947, is peculiarly pertinent here:

"All of our decisions have proceeded upon the principle that, if the trial court, in the exercise of its sound discretion, is satisfied that substantial justice has not been done in a given case, it is its right and its duty to set the verdict aside."

■ It appears that, in ruling on the motion, the trial court said from the bench, in substance: "That there had been but one question in the case, namely, who was on the right side of the highway, and that consequently either one party or the other should recover." Appellants presented an order for new trial embodying this observation, but the trial court refused to sign it. We have held repeatedly that this court will not take cognizance of any reasons assigned by the trial court in granting a motion for new trial unless they are incorporated in the formal order. *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897; *Bone v. Yellow Cab Co.,* 137 Wash. 472, 242 Pac. 1093; *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142. Since the order granting a new trial is based upon sharply conflicting evidence and rested purely in the discretionary power of the trial court, this court will not set it aside.

Order affirmed.

ROBINSON, C. J., MILLARD, SIMPSON, and JEFFERS, JJ., concur.