[No. 29059. Department Two. December 15, 1943.]

VIOLET HENRY et al., Respondents, v. A. O. LARSEN et al., Appellants.[1]

*Wernette & Crowley,* for appellants Larsen.

*Roy F. Shields* and *Hamblen, Gilbert & Brooke,* for appellant Union Pacific Stages, Inc.

*Robertson & Smith,* for respondents.

[1]Reported in 143 P. (2d) 841.

MILLARD, J.—About 11:00 p. m., November 11, 1940, plaintiffs, while riding as guest passengers in an automobile owned and operated by Florence Peterson, sustained personal injuries, as a result of the collision two miles north of Rosalia of the Peterson automobile with a bus of defendant Union Pacific Stages, Inc., and an automobile owned and operated by defendants Larsen. To recover for the injuries sustained, this action was instituted against the stage company and the Larsens. Trial of the cause to the court sitting with a jury resulted in verdict in favor of the defendants. Plaintiffs' motion for new trial on the ground of insufficiency of the evidence to justify the verdict and on five other statutory (Rem. Rev. Stat. (Sup.), § 399 [P. C. § 8225]) grounds was granted. Defendant corporation and defendants Larsen, who appeared separately, severally appealed from the order granting a new trial.

All of the appellants join in the assignment that the trial court erred in granting the new trial on a nondiscretionary ground; that is, the court based its order in granting a new trial solely on the ground that the undisputed evidence disclosed that the jury did not follow the instructions of the court, therefore, the motion was granted not upon a ground which was discretionary with the court but upon a question of law only. An additional ground for reversal as to it, urged by appellant corporation, is the absence of substantial proof of its negligence in any way operating as a proximate cause of respondents' injuries.

The motion for new trial was based upon several grounds, one of which was insufficiency of the evidence. The material part of the order granting the new trial reads as follows:

" . . . said motion having been fully argued and at the conclusion thereof the court having rendered his oral opinion;

"Now, THEREFORE, IT IS HEREBY ORDERED that said motion be and the same hereby is granted on grounds set forth in said opinion, to which ruling the said defendants, and each of them, except."

The foregoing order, other than its reference to the trial court's oral opinion, is in general terms. Appellants quote

excerpts from the court's oral opinion, which is eighteen pages in length, to sustain their position that the order granting a new trial was based solely on the ground that the undisputed evidence showed that the jury did not follow the instructions of the court.

The formal order granting the motion for new trial does not specify any such ground. In presenting the order for the court's signature, one of counsel for appellants requested that the order recite the reason for the granting of the motion for new trial. The court stated in the oral opinion:

"You may make an order that the motion for a new trial is granted in this case, and I think my reasons sufficiently appear in the oral opinion here. It is just one of those difficult things, and I tried to cover it."

■ Where the order granting the motion for a new trial is general and does not specify the ground or grounds upon which it was based, our inquiry is limited to the determination of the question whether the evidence was sufficient to take the case to the jury. *Hobba v. Postal Telegraph Co., ante* p. 97, 141 P. (2d) 648. Unless we can say in such case that the verdict of the jury was, as a matter of law, the only verdict that could be rendered, the order granting a new trial must be affirmed. See *Sylvester v. Olson,* 63 Wash. 285, 115 Pac. 175; *Snider v. Washington Water Power Co.,* 66 Wash. 598, 120 Pac. 88; *Sturtevant.Co. v. Fidelity & Deposit Co.,* 92 Wash. 52, 158 Pac. 740, L.R.A. 1917C, 630; *Ahrens v. Anderson,* 186 Wash. 182, 57 P. (2d) 410; *New York Life Ins. Co. v. Newport,* 1 Wn. (2d) 511, 96 P. (2d) 449; and *State v. Elliott,* 6 Wn. (2d) 393, 107 P. (2d) 927.

■ When a motion for a new trial is made upon a number of grounds and the order does not disclose upon which of the grounds the ruling is based, it will not be reviewed if it was within the sound discretion of the court to grant the motion upon any of the grounds assigned. The legal sufficiency of any specific reason, either oral or written, assigned for granting or denying a motion for new trial will not be reviewed unless it is incorporated into the formal

order and appears to be the exclusive ground upon which the ruling is based.

In *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897, we held that, where the formal order granting a new trial does not affirmatively show that it was based only on one specific ground, it cannot be claimed on appeal that other grounds assigned in the motion were not considered by the court; notwithstanding the court had, on the day before, made an informal decision that the motion would be granted on the ground of an error in an instruction. We said:

"In the early leading case of *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907, Judge Anders, speaking for this court, said:

" 'Where the record shows that the motion for a new trial was made on several grounds, but does not show upon which of them the ruling of the court was based, the order will not be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated.'

"This announcement of the law has been adhered to by this court in all of its subsequent decisions touching the question which we here deem to be controlling of the disposition of this appeal. *Griggs v. MacLean,* 33 Wash. 244, 74 Pac. 360; *Holloway v. Savage,* 68 Wash. 614, 123 Pac. 1021; *Piper v. Piper,* 129 Wash. 72, 224 Pac. 576; *Tasker v. Centralia Memorial Ass'n,* 129 Wash. 699, 225 Pac. 1119. There may have been some little confusion touching our views, growing out of our decision in the peculiarly circumstanced case of *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866, on the question of just when the record of a given case shows or fails to show the granting or refusing of a new trial exclusively upon some discretionary or purely legal ground; but we think it plain from our later decisions above noted, which are in harmony with those rendered prior to *Crowl v. West Coast Steel Co., supra,* that any such limitation and exclusiveness of the court's ground for the granting or denial of a motion for new trial must appear in the formal final order disposing of the motion, before this court can so view the trial court's disposition of the motion.

"The informal ruling or opinion of the trial judge did not finally award a new trial, nor does it affirmatively show but that the trial court considered some of the other assigned grounds as well founded. However, it is plain

that the question of whether or not respondent should be awarded a new trial remained in the breast of the court until the following day when the final order awarding a new trial was entered. We are thus unable to determine but that the trial court awarded a new trial upon the ground of the verdict being against the weight of the evidence, as well as the specific ground mentioned in its informal ruling and opinion."

In *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142, the order granting the motion for new trial referred to a memorandum decision and recited that permission was granted to file exceptions to the memorandum decision, but the order did not show that it was based on one specific ground only. We held that, notwithstanding the court had in a memorandum opinion stated its ground for its decision, it could not be successfully urged on appeal that other grounds assigned in the motion were not considered by the court. We said:

"In *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897, it was distinctly held that, where a motion for a new trial was made upon a number of grounds and the trial court granted it upon a particular ground, that ground must appear in the formal order.

"The appellants seek to distinguish the present case from the *Morehouse* case. In that case, the memorandum opinion was filed the day before the order was entered, and was brought here in the transcript. In the present case, the memorandum opinion was filed on the same day that the order was entered, and both are embodied in the statement of facts. This, however, does not take the present case out of the rule of the *Morehouse* case. The rule of that case was deliberately entered for the purpose of making the law on this question definite and certain. To now hold that the present case was not within the rule would be to place the law, on this question, in that uncertain condition that it was after the decision in the case of *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866, and prior to the decision in the *Morehouse* case. This we think should not be done. The ground of the motion in the present case not appearing in the formal order entered, the rule of the *Morehouse* case applies, and we cannot consider the particular

ground upon which the trial court granted the motion as indicated in the memorandum decision."

In *Anderson v. Barneson,* 165 Wash. 16, 4 P. (2d) 833, we held, reaffirming the rule in *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897, which restricted a pronouncement in *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866, that, where a formal order granting a new trial does not affirmatively show that it was based upon a specific ground, it cannot be claimed that other grounds assigned were not considered, notwithstanding the court in a memorandum opinion had stated a contrary ground.

In *Brooks v. Hutchinson,* 165 Wash. 327, 5 P. (2d) 495, we held that a general order granting a new trial, without reference to any particular ground, will not on appeal be considered as made on a specific ground indicated by a memorandum decision, but will be affirmed if it is sustainable upon any ground; that, where a new trial is granted or refused upon a particular ground, in order to be reviewed on appeal, that ground must be stated in the formal order of the court granting or denying the motion for new trial, and this regardless of what may otherwise appear in the record.

*Shook v. Hughes, supra,* was cited with approval in *Wood v. Hallenbarter,* 12 Wn. (2d) 576, 122 P. (2d) 798, where we held that the trial court's disposition of a motion for new trial upon conflicting evidence will not be disturbed except for manifest abuse of discretion, and that we will not take cognizance of any reasons assigned by the trial court in granting a motion for new trial unless they are incorporated into the formal order. See, also, 2 Bancroft's Code Practice, § 1516, p. 2081, to the effect that the written or oral opinion of the trial court is merely an informal expression of the court's views, but is in no way binding.

In the case at bar, there were no grounds incorporated in the formal order, the only reference being to the trial court's opinion, and it will be noted that the order recites that the motion was granted on the *grounds* set forth in the oral opinion and not upon any specific ground.

The order granting the motion for a new trial is a general order and does not specify the ground or grounds upon which it was based; hence, our inquiry is limited to the determination of the question whether the evidence was sufficient to take the case to the jury, and, unless we can say in such case that the verdict of the jury was, as a matter of law, the only verdict that could be rendered, the order granting a new trial must be affirmed. If we were unable to determine but that the trial court awarded a new trial upon the ground of the verdict being against the weight of the evidence, we should sustain the trial court's order.

■ Respondents were riding as guest passengers in an automobile operated by Florence Peterson when it collided with the stage. While the chain of circumstances resulting in the accident was put in motion by the stopping of the Larsen automobile, the driver of which the jury would have been warranted in finding was negligent in the manner in which he operated that automobile, there is also evidence that the operator of the stage, with knowledge that two hundred feet ahead of him the Larsen automobile was slowing down, continued to follow that automobile at the rate of forty-five miles an hour until he was only seventy-six feet distant from the point where he collided with the Larsen automobile.

The operator of the stage admitted that, when he became aware that the Larsen automobile was stopping, he did not attempt to swing over onto the left-hand side of the road to pass the automobile, although no traffic was coming from the north (the vehicles involved in the collision were coming from the south) and he had a view of approximately one-half mile, nor did he swing onto the shoulder but continued on in a straight line until he collided with the automobile. If, as the stage operator testified, he could have stopped prior to collision with the automobile, he had time within which to drive the stage off onto the shoulder or pull around the automobile on the left. The evidence would sustain a verdict that the operator of the stage was negligent and that his negligence was a proximate cause of the collision. Whether the Larsen automobile was stopped

upon the main traveled portion of the highway, without giving any warning or signal of intention so to do in violation of the statute (Rem. Rev. Stat., Vol. 7A, § 6360-85 [P. C. § 2696-843]), or whether that automobile was on the shoulder of the highway when the collision occurred, was one of the questions of fact for the jury to determine.

The contention of appellant corporation that there was an absence of substantial evidence of its negligence, is without merit.

Affirmed.

SIMPSON, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.