[No. 30161.    Department One.    July 10, 1947.]

IDA COSTELLO, *Respondent*, v. RODNEY KUPER-SMITH, *Appellant*.

C. V. KILGORE *et al., Respondents,* v. RODNEY KUPER-SMITH, *Appellant*.[1]

*Schaefer & Hall,* for appellant.

*R. DeWitt Jones* and *Thomas E. Meade,* for respondents.

SIMPSON, J.—September 13, 1945, C. V. Kilgore and his wife, Vera, instituted an action against Rodney Kupersmith to recover for personal injuries to Vera Kilgore and damages to their automobile, resulting from an accident. September 29, 1945, Ida Costello brought an action against Rodney Kupersmith for injuries sustained by her in the accident mentioned in the complaint filed by Kilgore and wife. In each action, it was claimed by plaintiffs that defendant, Kupersmith, caused the damage when his car ran into the one operated by C. V. Kilgore, among whose passengers were his wife and Ida Costello.

Defendant answered the complaints, denied the charges

[1]Reported in 183 P. (2d) 481.

of negligence, and claimed damages caused by the negligence of Kilgore.

The cases were consolidated for trial and were tried to the court, sitting with a jury. After deliberation, the jury came into court. A poll showed that the verdicts were in favor of defendant. After the jury had been discharged, it was found that the foreman had signed but one verdict— that in the case of Kilgore and wife against Kupersmith. Thereafter, defendant filed a motion for an order to reassemble the jury so that the verdict could be signed as shown by the poll. The motion was denied.

Plaintiffs filed a motion for a new trial, based upon several grounds. The court granted the motion without stating its reasons for so doing.

Defendant has appealed, and in so doing, assigns error as follows: in denying the defendant's motion and amended motion to reassemble the jury; in granting a new trial to plaintiff Costello; and in granting a new trial to plaintiffs Kilgore and wife.

■ The only question necessary to consider in this case is that concerning the granting of a new trial. A general order granting a motion for a new trial will not be disturbed if the court exercised sound discretion. The rule is well settled in the following excerpt from *Henry v. Larsen,* 19 Wn. (2d) 690, 143 P. (2d) 841:

"Where the order granting the motion for a new trial is general and does not specify the ground or grounds upon which it was based, our inquiry is limited to the determination of the question whether the evidence was sufficient to take the case to the jury. *Hobba v. Postal Telegraph Co., ante* p. 97, 141 P. (2d) 648. Unless we can say in such case that the verdict of the jury was, as a matter of law, the only verdict that could be rendered, the order granting a new trial must be affirmed. [Citing cases.]

"When a motion for a new trial is made upon a number of grounds and the order does not disclose upon which of the grounds the ruling is based, it will not be reviewed if it was within the sound discretion of the court to grant the motion upon any of the grounds assigned. The legal sufficiency of any specific reason, either oral or written, assigned for granting or denying a motion for new trial will

not be reviewed unless it is incorporated into the formal order and appears to be the exclusive ground upon which the ruling is based."

The evidence in the instant case concerning the negligence of the drivers of the respective cars is very much in dispute. March 31, 1945, C. V. Kilgore was driving his car in an easterly direction on a hard-surfaced state highway in Clark county, Washington. His wife was riding in the front seat, and Ida Costello was occupying the back seat. When he had reached a certain point on the highway, about one-half mile east of the city limits of Vancouver, his car and an automobile driven by appellant, coming from the opposite direction, collided. The accident occurred on a straight stretch of highway. Respondent C. V. Kilgore testified that appellant's car swerved out of the line of cars coming toward him and ran into his car on respondent's side of the road. On the other hand, appellant testified that the Kilgore car ran into his car on appellant's side of the road. There was also considerable testimony introduced concerning the charge that C. V. Kilgore was under the influence of liquor prior to, and at the time of the accident, and that his condition was known to respondent Costello.

At the close of the argument on the motion for new trial, the trial court made a statement relative to its reasons for granting the new trial. In his remarks, the judge referred to the rendition of the verdicts by the jury, to his view of the effect of the evidence concerning the intoxication of respondent Kilgore, and to the manner in which he was driving, and then stated that he did not believe the jury was warranted in finding respondent Costello guilty of any contributory negligence. He further stated:

"It seems to this Court that it must logically follow that this jury arrived at a verdict through passion and prejudice, prejudice having arisen by the fact that there was evidence in this case to show that the plaintiff Kilgore had been drinking approximately two or three hours prior to the accident.

"Therefore, this Court believes that neither the plaintiffs, C. V. Kilgore and Vera Kilgore and Ida Costello had a fair trial."

We must conclude, after reading the evidence in this case, considering the oral statement made by the trial court, and the rule relative to motions for new trial, that the court exercised its discretion in a proper manner when it granted the motion for new trial.

The order is therefore affirmed.

MALLERY, C. J., MILLARD, ROBINSON, and ABEL, JJ., concur.